### ZEIGLER *v.* ZEIGLER *et al.*

Fish, C. J. In the petition for divorce it is alleged: Petitioner and defendant were married in 1889. Defendant was adjudged to be insane, and was committed to the Georgia State Sanitarium for insane persons in 1898, where she has since been confined as an insane person. In September, 1889, defendant struck petitioner, thereby inflicting a serious wound upon his person. From October 1, 1897, until May 1, 1898, defendant continued in a constant state of quarrelling and cruelly treating petitioner until such conduct became unbearable; and defendant, without cause on the part of petitioner, left him and remained away until she became insane. Petitioner was without fault during the time he and his wife lived together. "Petitioner did not directly or indirectly condone the treatment of his wife, nor did the relation of husband and wife ever exist after she became in the rage and left him without cause." *Held,* that no cause for a divorce was set

forth in the petition, either on the ground of cruel treatment (*Ring* v. *Ring*, 118 *Ga.* 183 (44 S. E. 861, 62 L. R. A. 868); *Stoner* v. *Stoner*, 134 *Ga.* 368 (67 S. E. 1030); *Black* v. *Black*, ante, 506 (101 S. E. 182)), or on the ground of desertion (Civil Code, § 2945), as it appears from the petition that defendant was adjudged to be insane within less time after the desertion than three years, and has since remained insane and therefore not responsible for her acts during that time. Accordingly, the court did not err in dismissing the petition on general demurrer.

*Judgment affirmed. All the Justices concur, except Atkinson, J., absent.*

No. 1384.  NOVEMBER 14, 1919.

Libel for divorce. Before Judge Thomas. Berrien superior court. March 25, 1919.

*J. D. Lovett* and *Story & Story*, for plaintiff.

*C. E. Hay, solicitor-general,* contra.