## DUGAS *v.* DUGAS.

No. 15537.   SEPTEMBER 4, 1946.

*E. C. Brannon,* for plaintiff in error.

*Joseph T. Davis* and *Thad L. Bynum,* contra.

JENKINS, Presiding Justice. In considering whether under the new divorce statute the original judgment and decree granting a divorce and alimony can be immediately reviewed by direct bill of exceptions brought to this court, or by exceptions taken to the overruling of a motion for new trial, or whether recourse must first be had, during the 30-day period, to the procedure provided for the benefit of any person·at interest, it is necessary to consider the relevant provisions of the present statute, which are contained in the Act of the General Assembly of 1946 (Ga. L. 1946, p. 90), and which repeal Code, § 30-101, and substitute in lieu thereof the following: "Total divorces in proper cases may be granted by the superior court. Unless an issuable defense is filed, or a jury trial demanded in writing by either party on or before the call of the case for trial, the judge shall hear and determine all issues of law and fact in all petitions for divorce and permanent alimony, and any other issues made in the pleadings. If a verdict or judgment is rendered authorizing the grant of a total divorce or for total divorce and permanent alimony, the verdict or judgment shall not become final for a period of thirty days. At the expiration of said period of thirty days the said verdict or judgment, either or both, shall become of full force and effect, unless some person at interest shall file in said court a written petition setting forth good and sufficient grounds for the modification or setting aside of such verdict or judgment. If such a petition is filed it shall be decided by the judge, unless a jury trial of the issues raised thereby is demanded by any party."

In our opinion an original judgment and decree in favor of divorce is not, to begin with, a final judgment for two reasons—first, because the statute, in express terms, declares·that it is not; and second, because under the provisions of the new statute, it *could not* be so during said 30-day period, for·the reason that the

case remains pending in the superior court, subject to a mandatory redetermination by the trial court itself if and when some person at interest may so require by filing his or her written petition to modify or set the same aside. Under the quoted statutory provision, the *validity* of the judgment, not merely its *enforcement,* is held in limbo; and in the proceeding authorized by the statute, by which the verdict and judgment may be attacked, a jury may be demanded to determine issues of fact, thereby overriding any previous finding thereon by judge or jury. The situation thus differs from those judgments where by their terms the mere *enforcement* of a final judgment is deferred. In the cases just mentioned, since the *validity* of the judgment is not impaired by such an order, it is properly treated as "final," and a review by the appellate court can be had immediately as in other cases. *Moody* v. *Muscogee Mfg. Co.,* 134 *Ga.* 721 (1) (a) (68 S. E. 604, 20 Ann. Cas. 301) ; *Capital City Tobacco Co.* v. *Anderson,* 138 *Ga.* 667 (75 S. E. 1040) ; *Miller* v. *Gibbs,* 161 *Ga.* 699 (2) (132 S. E. 626) ; *Mass. Bonding & Ins. Co.* v. *Realty Trust Co.,* 139 *Ga.* 180 (77 S. E. 86).

The situation with respect to judgments of divorce and alimony are more nearly analogous to those cases where a conditional judgment or order is entered, but a stated period is allowed for a party to avoid its adverse effect by complying with the specified mandate of the court within a stated time. In that class of cases, exceptions taken to the appellate court prior to the expiration of the period thus allowed are held to be premature. *Peyton* v. *Rylee,* 191 *Ga.* 40 (11 S. E. 2d, 195) ; *Upshaw* v. *Ragsdale,* 192 *Ga.* 11 (14 S. E. 2d, 486) ; *Sellers* v. *McNair,* 42 *Ga. App.* 731 (157 S. E. 373).

Under the old divorce law, it took two separate and independent verdicts at different terms of the superior court in order to obtain a decree for divorce or for divorce and permanent alimony. However, the validity and finality of the first verdict, as such, was not held in abeyance. Each was valid and final insofar as it was concerned; and therefore exceptions could properly be taken to the first of the two verdicts without waiting the rendition of the second. *Rorie* v. *Rorie,* 132 *Ga.* 719, 721 (64 S. E. 1070) ; *Gholston* v. *Gholston,* 31 *Ga.* 625, 632. The statute now provides for only one verdict or decree, but, apparently in lieu of the previous provisions for two separate and independent verdicts, it now in effect provides that the verdict or judgment shall be held in abeyance, without be-

coming "final," for a period of 30 days, during which it can be attacked "by any person at interest" in the trial court on written petition, with the right to a trial by jury on issues of fact. This in practical effect gives a *right* in favor of either party similar to what was previously the required second verdict, but, in default of any such attack within 30 days, the tentative or provisional judgment or the verdict and judgment, without more, thereupon becomes final and enforceable. Under the new law, in order for a judgment or a verdict and judgment for a total divorce or a total divorce and permanent alimony to become valid and final, it thus takes, not only the rendition of such a judgment or verdict and judgment, but also the expiration of a 30-day period thereafter without an attack being made; or if an attack should in fact be made, then the original judgment or verdict and judgment becomes final according to whether or not the attack be sustained. Since any person at interest can thus attack within the 30 days allowed, and since the provisions of the old law (Code, § 30-130) with respect to new trials are retained, it would seem that it would create an anomalous situation should one party be allowed to bring exceptions to the Supreme Court while the other party or some other person at interest might within the same period exercise his or her statutory right to attack the judgment or the verdict and judgment in the court below, thus making two simultaneous but separate and independent attacks in different courts. Even if it should be assumed that immediate exceptions taken to this court would operate automatically to stay the other proceeding in the superior court, a multitude of perplexing questions would inevitably arise, including questions of res judicata, should this court proceed to determine the case on the old record, including the old evidence, while the later determination in the superior court would proceed, not under the remittitur from this court, but under new and additional pleadings, and on new and different evidence. What except futility would result from such a preliminary adjudication by this court upon the tentative or provisional judgment or verdict and judgment of the trial court, with the trial court still retaining jurisdiction to rehear and redetermine the issues under new and additional pleadings and new evidence? We are, therefore, of the opinion that the provisions with reference to a trial by either judge or jury of the issues raised by a petition to set aside or modify the

tentative or provisional judgment or verdict and judgment seem clearly to give the right to attack it, not by the already-provided remedy, after final judgment, by motion for new trial, and not merely because of *irregularities* such as would support a motion in arrest of the judgment or a motion to set aside; but, the attack on such a mere tentative or inchoate judgment or verdict and judgment, being unrestricted in scope under the terms of the statute, partakes more of the nature of an automatic legislative *grant* of a new trial with respect to the grounds set forth in the written petition, with the right given the movant to overthrow a previous erroneous judgment or verdict and judgment for any legal reason assigned by the motion, and with the right of a trial by jury when called for to override any previous findings of fact by judge or jury. The view·that under the new statute either party wishing to attack the original judgment or verdict and judgment must resort to the method specifically provided, and that until he does so, and pending the 30-day period, he is not permitted to bring the same to this court, is strengthened by the fact that the statute makes no provision for an extension of the period in which to file direct exceptions, or exceptions taken on an order refusing a motion for new trial, to this court in the `event that no petition· should in fact be filed to set aside or modify the judgment or verdict and judgment within the 30-day period; whereas, under the construction here given, the provisions of the existing law would be operative as to exceptions taken to what really becomes the·final judgment.

If it should be suggested that the provisions of the statute holding the "verdict or judgment" in abeyance for a period of 30 days might refer only to judgments where the case is in default, and do not apply to cases where an issuable defense has been filed requiring their determination by a jury, such a construction does not seem to comport with the plain language of the statute itself. It would seem that the first complete and independent sentence of section one of the new law, which has been quoted, refers solely to the right and duty of the *judge* to try the cause without the intervention of a jury, where none is demanded and no issuable defense is filed. The following sentences of this section do not deal at all with who tries the case, but plainly provide that: "If a *verdict or judgment* is rendered authorizing the grant of a total divorce or for total divorce and permanent alimony, the *verdict or judgment* shall not become final for a period of 30 days. At the expiration of said

period of 30 days, the said *verdict or judgment, either or both,* shall become of full force and effect, unless some person at interest shall file in said court a written petition setting forth good and sufficient grounds for the modification or setting aside of such *verdict or judgment.* If such a petition is filed, it shall be decided by the judge unless a jury trial of the issues raised thereby is demanded by any party." Since the statute requires that the judge, without the intervention of a jury, shall try the cause when in default, its language thus necessarily seems to specifically exclude a construction that the 30-day stay of finality refers only to judgments rendered by the court without the verdict of a jury. Four times it expressly declares that the stay of finality refers to either a *verdict* or judgment; and to make assurance doubly sure in one instance, it refers to a "verdict or judgment, either or both." To construe the stay of finality as referring only to cases in default where the judge alone rendered judgment without the previous verdict of a jury, would seem not only to be reading something into the statute, but to be reading out of the statute plain language to the contrary many times reiterated.

If it should further be suggested that the inhibition against bringing any case to this court except where there is a final judgment in the court below relates only to direct bills of exceptions, and does not prevent bringing a case here, although it be "still pending" in the trial court, if it be done by motion for new trial with exceptions to the order overruling the same, here again the statute (Code, § 6-701) seems to provide otherwise, since it declares that *"no* cause shall be carried to the Supreme Court . . upon *any* bill of exceptions while the same is pending in the court below." The only exception to this universal rule appears to be in favor of direct bills of exceptions, and then only in those cases where the decision or judgment thus complained of *would have been final* if it had been rendered by the court below as claimed by the plaintiff in error. Thus the apparent exception, even in favor of direct bills of exceptions, proves in fact to be no real exception at all. Ordinarily, applications for new trial are to be made during the term at which the trial was had, but where the term continues for longer than 30 days, the application shall be filed within 30 days from the *trial.* Since, as was said in *Castellaw* v. *Blanchard,* 106 *Ga.* 97 (3) (31 S. E. 801), the "trial *ends* with the verdict in the case," it was held in that case that, "the motion for a new trial not having been

filed within thirty days from the date of the verdict, the court did not err in dismissing the same on motion." This case, therefore, seems to assume that one trial must *end*, that is reach finality, before an application can be made for another. In the instant case, under the provision of the statute, the trial has not ended, since the judgment is not final and the cause is still left pending for further consideration and determination in the trial court. While the order on a motion for new trial disposes of the motion, that is not the question, since the point is, was the motion itself in order. If the motion itself be premature, it matters not how final any attempted disposition of it may be.

If it be said that the provision for rehearing and redetermination in the trial court relates, not to parties, but only to persons at interest not parties, such a construction does not seem to comport with the plain language of the statute, since it provides that *any* person at interest may file such a motion, and it could hardly be contended that a party is not a person at interest. While the provision includes persons not parties, the language certainly does not seem to exclude interested *parties*. We know of no provision of law whereby a verdict and judgment—stripped of finality by the terms of the statute itself and expressly declared to be "not final" and left pending (for a stated period) in the trial court for review *by that court* on motion of any person at interest upon the questions and issues thus raised—can be called a final judgment such as would authorize a motion for new trial. This is true because (pending such period) the statute has provided another and different mode of redress open, not only to the parties, but to "any *person* at interest."  During the period when it thus remains pending, the validity of such a tentative judgment or verdict and judgment is held in abeyance, and there is no final judgment to review, either by a motion for new trial with exceptions to the order thereon, or by a direct bill of exceptions. When the judgment or the verdict and judgment *does* become final upon the rehearing of the case in the trial court, as provided by the statute, then and then only direct exceptions or a motion for new trial (as the case may be) is in order.

In accordance with the principles of law and the construction of the statute above announced, since the movant did not follow the procedure provided for his benefit, but within the 30-day period sought by a motion for new trial, with exceptions to the order thereon, to bring

exceptions to this court while the tentative judgment of the trial judge remained pending in the court below, the procedure must be held premature and the bill of exceptions dismissed, in accordance with the contention of the defendant in error. Bill of exceptions

*Dismissed. All the Justices concur, except Atkinson, J., who dissents. Head, J., concurs specially.*

ATKINSON, Justice, dissenting. Viewing the act in its entirety, it seems to the writer that it was the intent of the legislature, where a defense is filed or a jury trial demanded, to require a verdict of the jury, the judgment based upon which would be final; but where no defense is filed or jury trial demanded, the judge would determine the issues and render a judgment, its finality being held in abeyance for 30 days. And if a petition to modify or set aside the judgment, so rendered by the judge without a jury, is filed within 30 days, the judge would still decide the case, unless a jury trial is demanded; and the judgment rendered in that event, whether based on a jury verdict or a judgment by the judge, would be a final judgment.

In section 1 of this act (Ga. L. 1946, p. 90)—after stating, "Divorces, how granted. Total divorces in proper cases may be granted by the Superior Court"—the next sentence is, "Unless an issuable defense is filed, or a jury trial demanded in writing by either party on or before the call of the case for trial, the judge shall hear and determine all issues of law and fact." It is therefore mandatory for the judge to pass upon the case unless a defense is filed or jury trial demanded; but where such defense or demand is made, it is clear that the right of trial by jury is preserved. The 30-day period, during which time the judgment is held in abeyance, applies only where no defense is filed or jury trial is demanded, as the section of the act relating thereto must be construed as excepting from this period cases where a defense is filed or jury trial demanded.

Accordingly, where a defense is filed or jury trial demanded, the judgment would become final at the time it is granted, and either party could proceed by motion for new trial in the same manner as they formerly could upon either first or second verdict.

While it is true that in the latter part of this section, which relates to the 30-day period in cases where no defense is filed or jury trial demanded, the expression "verdict or judgment" is used four different times, and while the use of the word "verdict" would

seem to indicate that the 30-day period is applicable to cases which have been submitted to a jury, I do not so construe the act. In considering the act as excepting from the 30-day period cases where a defense is filed or a jury trial demanded, and also taking into consideration the use of the word "verdict" in connection with the word "judgment," some inconsistency appears. Accordingly, in construing the statute we must look to the intent of the legislature, keeping in view the old law, the evil, and the remedy. *Barnett* v. *Pulliam, 77 Ga.* 552 (2). The general scheme and purpose of the legislature is a proper criterion for construction, and where an ambiguity exists, by reason of conflicts between different clauses, courts should look beyond the verbiage even though some verbiage may have to be eliminated. *Carroll* v. *Ragsdale, 192 Ga.* 118 (15 S. E. 2d, 210).

The paragraph in question is prefixed with the statement, "unless an issuable defense is filed, or a jury trial demanded, . . the judge shall hear and determine all issues of law and fact;" and what follows thereafter necessarily relates to cases where the issues are submitted to the judge. And the mere fact that the word "verdict" is thereafter used along with the word "judgment" is not sufficient to negative and nullify the express statement at the beginning of the section, which excepts from the terms of the section cases where an "issuable defense is filed, or a jury trial demanded." As between a construction which would eliminate from the terms of the statute the phrase, "unless an issuable defense is filed, or a jury trial demanded," or else the word "verdict," the better interpretation would be to give effect to the above-stated clause upon which the whole section is predicated, and to treat the word "verdict" as being inadvertently used in connection with the word "judgment."

It is presumed that this act was passed with full knowledge of the existing law, and as a part of a uniform system of jurisprudence; and the act must be construed with reference to the whole system of which it forms a part, so that its provisions will not impair the operation of other laws which it is not reasonable to suppose the legislature intended to repeal. *McDougald* v. *Dougherty, 14 Ga.* 674 (5); *Botts* v. *Southeastern Pipe-Line Co., 190 Ga.* 689, 701 (10 S. E. 2d, 375); Mills *v.* Scott, 99 U. S. 25 (25 L. ed. 294).

To construe the act so as to require a judgment, which is based

upon a contested case and a jury verdict, to remain in abeyance for 30 days with the right of the losing party, by his own election and as a matter of right, to require two verdicts, would be an innovation under our system of jurisprudence. Under such a procedure, the first jury verdict, whether for divorce, or divorce and alimony, would have no force and effect unless it was satisfactory to the losing party, because, if dissatisfied, the losing party within 30 days could arrest and set aside that verdict and judgment by merely filing a petition setting forth some grounds therefor, of which the jury would judge the sufficiency, and demanding another jury trial, the effect being that the first jury trial would be nothing more than a sham battle. To so interpret the act, and thus to treat a judgment predicated upon a jury verdict, would amount to nullifying the Code, §§ 110-701 et seq., relating to the arrest and setting aside of judgments; and this can not be done because the act does not repeal or amend these sections either expressly or by implication. On the other hand, construing the 30-day abeyance period as applying only to judgments rendered by the judge, it would be in harmony with the existing rules of law, allowing a judge to set aside his own judgments during the term in which they are rendered, the only change in this rule being that the right so to do is fixed at a term of 30 days, irrespective of whether it is during the same term, or after the close of the term.

The Code, § 30-101, which required two verdicts is expressly repealed, and nowhere in the other portions of the act is found any expression indicative of an intent, under any circumstances, now to require two verdicts, or to permit the losing party to elect to do so. Considering the act as a whole, it is clear that its primary purpose was to eliminate the necessity of two verdicts, and this intent overshadows any inconsistency or confusion as to verbiage and must be given force and effect.

HEAD, J., concurring specially. The question was not made by the record in this case as to whether or not the act of 1946 (Ga. L. 1946, p. 90), limits or restricts the powers of the superior courts in granting motions for new trial. See art. 6, sec. 4, par. 6 of the Constitution of 1945. There being no reason to assume that this court has passed on questions outside of the record, I concur in the judgment.