## GAULT *v*. GAULT.

No. 16280. JULY 15, 1948. REHEARING DENIED JULY 28, 1948.

*Clark Ray,* for plaintiff in error.

WYATT, Justice. The question to be determined in this case

is whether or not the trial court was in error when, after a hearing, it refused to set aside a verdict and judgment granting a divorce and alimony.

The plaintiff in error complied with the ruling of this court in *Dugas* v. *Dugas*, 201 *Ga.* 190 (39 S. E. 2d, 658), by filing a petition to modify or set aside the verdict and judgment within thirty days from the date thereof. After the trial judge denied his petition to modify and set aside the verdict and judgment, he duly filed his motion for new trial and comes to this court on exceptions to the overruling of his motion for new trial. Under the ruling in the *Dugas* case, supra, this is the procedure that must be followed in all divorce cases.

The only question raised in this proceeding is whether or not the plaintiff in error should have been granted a new trial because, as he contends, there was no evidence adduced upon the trial of the case before the jury as to the value of the property awarded to the wife as alimony. All other questions attempted to be raised in the amended motion for new trial simply rehash questions fully settled on the trial before the jury. Upon the hearing of the motion to modify and set aside, the value of the property was fully inquired into. Moreover, there was no reason why the plaintiff in error should not have gone into the question of value on the trial before the jury. The petition described the property and prayed for permanent alimony, and the defendant in the court below was charged with knowledge that the property might be awarded as permanent alimony. No jury trial on any question of fact was demanded or requested in the motion to modify and set aside the verdict and judgment.

We think that the court in passing upon this motion did not abuse its discretion in determining that the allowance made by the jury as alimony was not excessive. The divorce law (Ga. L. 1946, p. 90) provides: "At the expiration of said period of 30 days the said verdict or judgment, either or both, shall become of full force and effect, unless some person at interest shall file in said court a written petition setting 'forth good and sufficient grounds for the modification or setting aside of such verdict or judgment." We think that this language means what it says— that the verdict and judgment can be set aside or modified for "good and sufficient grounds"; and unless such a showing is made,

the verdict and judgment should not be modified or set aside. The judge in this case determined that "good and sufficient grounds" were not made to appear, and in that decision we do not think that he abused his discretion. Since the plaintiff in error failed to show any "good and sufficient grounds" for modification or setting aside the verdict and judgment, there was no error in denying his motion for new trial.

*Judgment affirmed. Jenkins, Chief Justice, Duckworth, Presiding Justice, Head and Candler, Justices, and Judge Graham concur. Atkinson, Justice, dissents.*