## ALLISON *v.* ALLISON.

No. 16279.   JULY 15, 1948.   REHEARING DENIED JULY 28, 1948.

*George & John L. Westmoreland* and *J. Ralph McClelland Jr.*, for plaintiff.

*Matthews, Long & Moore,* for defendant.

DUCKWORTH, Presiding Justice. (After stating the foregoing facts.) The decision here depends upon an interpretation of sec. 1 of an act approved January 28, 1946 (Ga. L. 1946, p. 90, Code, Ann. Supp., § 30-101). The particular provision of the act which gives rise to this controversy is that providing that the verdict or judgment for divorce and permanent alimony shall not become final for a period of thirty days, but that at the expiration of the thirty-day period the verdict or judgment, either or both, shall become of full force and effect unless some person at interest shall file in court a written petition setting forth "good and sufficient grounds" for modification or setting aside of such verdict and judgment. It further provides that the judge shall decide such petition unless a jury trial of "the issues raised thereby" is demanded. Each allegation of the petition specifying grounds upon which it is sought to have the verdict and judgment modified or set aside is an attack upon the verdict on the ground that the evidence on the trial was insufficient. In *Lucas* v. *Lucas*, 179 *Ga.* 821 (177 S. E. 684), it was held

that a motion to set aside a verdict in a divorce case, based on matters not appearing on the record, is not an available remedy to avoid the verdict unless the motion conforms in form and content to the requirements of a motion for new trial; and it was pointed out that a brief of the evidence was a requisite of a motion for new trial, and that where there was no brief of the evidence no motion for new trial existed. To the same effect see *Wrenn* v. *Allen*, 180 *Ga.* 613 (180 S. E. 104). It thus appears that at the time of the approval of the act of 1946 above cited, it was the established law of this State that a motion to set aside a verdict in a divorce case was the equivalent of a motion for new trial and must meet the requirements of a motion for new trial in substance and form, including a brief of the evidence. The legislature is, therefore, presumed to have been cognizant of this rule of law when it wrote into the act the provision for the modification or setting aside of the verdict and judgment in a divorce case. Consequently, it must be held that the motion such as that in the present case, to set aside the divorce and alimony verdict, fails to show "good and sufficient grounds" where the same is not accompanied by an approved brief of the evidence.

But counsel for the plaintiff in error rely upon the decision of this court in *Dugas* v. *Dugas*, 201 *Ga.* 190 (39 S. E. 2d, 658), and insist that the petition was sufficient under the statute. First it should be observed that the question involved in that case was whether or not the motion for new trial, filed before the expiration of thirty days, was premature, and in accordance with the plain provisions of the statute it was held that such a motion for new trial was premature and should have been dismissed. There is a rather elaborate discussion in the opinion, from which counsel lift certain excerpts that discuss the procedure by interested parties during the thirty-day period to modify or set aside the verdict and judgment. That discussion was made in an earnest effort to clarify the meaning of the act. There is nothing said in the opinion, however, that conflicts with what we have ruled above. When it was there said that during the thirty-day period the case remained pending in the superior court subject to a mandatory redetermination by the trial court if and when some person at interest may so require by filing his or her written peti-

tion to modify or set aside the same, it was meant that such written petition to modify or set aside must conform to the rules of law applicable thereto, and not that, as counsel contend, a mere blanket petition to retry would suffice. It should be noted that the old law required two separate trials on the pleadings, although precisely the same evidence was involved, in order to authorize a valid decree of divorce. The useless consumption of the time of the court in complying with such pure formalism was obviously the evil in the old law which the new law sought to remedy. If the new law is to be construed as contended by counsel for the plaintiff in error, it not only would fail to remedy the evil of the old law, but would intensify and increase it by adding thereto the further requirement that additional pleadings be filed in order to go through the form of repeating the first trial and verdict. We think it important, therefore, that full recognition be given to the object of the new law, and that, in so far as its language will permit, a construction be applied that will attain that object. The obvious purpose of affording an opportunity to interested persons to be heard on meritorious grounds must not be distorted to mean that they have any right to repeat what they did on the first trial. Accordingly, the court did not err in sustaining the demurrer and dismissing the action.

*Judgment affirmed. Jenkins, Chief Justice, Wyatt, Head, and Candler, Justices, and Judge Graham concur. Atkinson, Justice, dissents.*