HUGULEY, by guardian, *v.* HUGULEY; *et vice versa.*

Nos. 16447, 16470.   January 12, 1949.

*Morrow & McLane* and *Allen & Walton*, for plaintiff in error. *Cantey & Huff* and *Lokey & Bowden*, contra.

DUCKWORTH, Chief Justice. (After stating the foregoing facts.) The exception to the judgment overruling the demurrer to the petition is without merit. While this court has held that an insane person can not prosecute a suit for divorce by a guardian (*Phillips* v. *Phillips*, 203 *Ga.* 106, 45 S. E. 2d, 621), that rule is bottomed upon the proposition that it is peculiarly a personal decision of the petitioner himself as to whether or not he will condone the acts of his spouse or sue for a divorce. That reasoning does not apply in a case where the petitioner is sane but the defendant is insane. The petitioner has the right to make his choice as to whether or not he shall condone or seek a divorce, and the condition of his spouse at the time of such decision can not affect this right of the petitioner any more than if it were a suit on any other contract. The argument is made on behalf of the insane defendant that the petitioner should not be allowed to sue for a divorce because the defendant, if sane, might choose either to defend or not defend the same, and that her guardian could not know her will in that respect. We can not agreed with this contention. It is not a matter of whether or not she defends the suit, but whether or not the petitioner is entitled to the relief sought. 17 Am. Jur. 265; 27 C. J. S. 597, 672, §§ 55, 90. We must also notice our Code, § 30-102 (2), which makes insanity at the time of marriage a ground for divorce. If under the law one is not allowed to prosecute a suit for divorce against an insane spouse, then the only opportunity one would have of obtaining a divorce on this ground would be when and if his spouse regained sanity; otherwise, his marriage could not be dissolved, although there existed a specific ground upon which the law declares that he might obtain a divorce. The decision in *Zeigler* v. *Zeigler*, 149 *Ga.* 508 (101 S. E. 183), cited and relied upon by the

plaintiff in error, does not require a different ruling. The actual ruling there was that, since the ground upon which the divorce was sought was three years' continued wilful desertion, and it appeared that the defendant became insane before the three years had elapsed, a divorce upon the ground alleged was unauthorized. The further ground of demurrer, to the effect that the allegations of cruelty were insufficient, is likewise without merit.

This record presents a number of questions for decision. There are entirely too many doubts and uncertainties existing in the law as to the rights, remedies, and procedures under the new divorce act of 1946 (Ga. L. 1946, p. 90). This law vitally affects parties to divorce actions; their children, and society as a whole. It ought to be definite and certain. The basic cause of the existing confusion lies in the fact that the new act revolutionizes the procedure that had existed for many years without foreseeing and clearly providing for eventualities and circumstances which would arise in the course of procedure under the new law. The new law authorizes a total divorce upon one verdict and at one term, which will become final within thirty days unless a proper motion is made within that time to modify or set it aside, thus avoiding the delay involved in the old law, which required two separate verdicts at different terms. The obvious purpose of the new law was to save time and avoid useless repetition, but in spite of the manifest purpose to avoid repeating in the second trial what had been done in the first, the new law provides for an application within thirty days, upon good and sufficient grounds, to modify or set aside the verdict and decree of divorce. The act makes no attempt to prescribe the form of such application or procedure to review the judgment thereon. It stops with the provision for the application and trial by jury if demanded. It is made necessary, therefore, for the courts to say what procedure shall be followed if further adjudication or review is to be had. The act neither provides nor intimates whether the original verdict and decree may be reviewed otherwise than by an application to modify or set aside. The new law does not repeal the Code, § 30-130, which declares that "New trials may be granted in divorce suits as in other cases." Obviously, if upon the first trial a divorce is denied, the petitioner would be entitled to have that trial reviewed by a motion for new trial, without making an ap-

plication to modify or set aside as provided in the act where a divorce has been granted. But when judgment has been rendered on an application to modify or set aside and a review is sought either by motion for new trial or by direct exception, is such a review one of the original verdict and decree, or is the review confined to the judgment on the application to modify or set aside? While there may be good grounds for doubt on this question, we believe the sounder view to be, and so hold, that the review is confined to the judgment on the application to modify or set aside. This view eliminates.the troublesome question that would arise if the review here is of the original verdict and decree as to whether or not a motion for new trial has been filed in time under the Code, § 70-301. No cause shall be carried to the Supreme Court while the same is pending in the court below unless the judgment complained of is final or would have been final as to some material party thereto if rendered as contended for by the plaintiff in error. Ga. L. ·1946, pp. 726, 730; Code, Ann. Supp., § 6-701. The new divorce law did not in any manner change the law, as it existed at the time of its enactment, with respect to the procedure for a review in the Supreme Court. See Code, Chapter 6-8, Procedure to Secure Review, and Code, Title 70, New Trial. The new act did not amend or alter the Code, § 6-804, which provides for a review by direct bill of exceptions where a judgment has necessarily been controlled by one or more rulings, orders, decisions, or charges of the court, and it is sought to except to the judgment and assign error upon such rulings, orders, decisions, or charges of the court. It is not necessary to make a motion for new trial. The provision in the new divorce law, requiring a petition within thirty days to modify or set aside a verdict or decree of divorce, necessarily takes from such verdict or decree the quality of finality which is essential to a review in the Supreme Court, and, as held in *Dugas* v. *Dugas*, 201 *Ga.* 190 (39 S. E. 2d, 658), an attempt to review such a verdict and decree by a motion for new trial, without first having complied with the statute by filing a petition to modify or set aside, is premature. But once the statute has been complied with, in cases where a divorce is granted, then the judgment may be reviewed by a motion for new trial or by direct exception. Furthermore, since the new law requires nothing more in the trial court in cases

where a decree denying a divorce is rendered, the procedure for review of such a decree as provided by the general law is applicable immediately without the necessity of petitioning for modification or setting aside of that decree. In *Gault* v. *Gault*, 204 *Ga.* 205 (48 S. E. 2d, 819), this court had under review a case where there had been a verdict and decree for divorce and a judgment denying a petition to modify or set aside, followed by a motion for new trial, and the exception was to the judgment overruling the motion for new trial. It was there said: "Under the ruling in the *Dugas* case, supra [201 *Ga.* 190], this is the procedure that must be followed in all divorce cases." This quoted language is too broad and is an incorrect statement of the law in that, (1) no application to modify or set aside is required where the verdict and decree denies a divorce, and (2) direct bills of exceptions in cases that come under the Code, § 6-804, supra, instead of motions for new trials, are available procedures for reviews in the Supreme Court of divorce cases.

Another question that is presented and earnestly urged here is that the application to modify or set aside need not have attached thereto an approved brief of the evidence in order to present for decision grounds complaining of rulings on the admissibility of evidence, of the court's charge, and of the court's failure to charge. It was ruled by this court in *Allison* v. *Allison*, 204 *Ga.* 202 (48 S. E. 2d, 723), that an approved brief of the evidence was essential to an application which presented the ground that the verdict was unauthorized by the evidence and certain other grounds relating to the evidence. The ruling there made was supported by cited previous decisions of this court. The application in the present case presents no ground that can be decided without a consideration of the evidence. It is an established rule of law that, where the verdict is demanded by legal evidence, that verdict will not be set aside although it appears that other evidence was erroneously admitted over objection, and if it further appears that the court erred in charging and in failing to charge. *Darsey* v. *Darsey*, 138 *Ga.* 584 (75 S. E. 667); *Alaculsey Lumber Co.* v. *Flemister*, 146 *Ga.* 310 (5) (91 S. E. 104); *Martin* v. *Turner*, 170 *Ga.* 62 (2) (152 S. E. 112); *Delray Inc.* v. *Piedmont Investment Co.*, 194 *Ga.* 319 (5) (21 S. E. 2d, 420, 142 A. L. R. 1116); *American Surety Co.* v. *Pettie*, 178 *Ga.* 26 (3) (171 S. E.

916); *Poole* v. *Atlanta Joint Stock Land Bank*, 189 *Ga.* 59 (5 S. E. 2d, 368); *Lunsford* v. *Armour*, 194 *Ga.* 53 (2) (20 S. E. 2d, 594); *Avary* v. *Avary*, 202 *Ga.* 22 (7) (41 S. E. 2d, 314). An approved brief of the evidence must be looked to for the purpose of deciding if the verdict was so demanded. Clearly, therefore, the application in this case contained no ground that could be decided without a consideration of the evidence. Hence, an approved brief of the evidence was essential, and the petition, in the absence of such a brief, was wholly insufficient. The facts here involved, therefore, do not authorize a decision as to whether or not such an approved brief is essential in cases where a consideration of the evidence is not required in order to pass upon the merits of the grounds alleged. It would appear that the opinion of this court in *Morris* v. *Braddy*, 203 *Ga.* 349 (46 S. E. 2d, 639), holding that the brief of the evidence is essential in all motions for new trial whether the questions presented required a consideration of the evidence or not, is in conflict with the terms of the act of 1947 (Ga. L. 1947, p. 298), which provides that a brief of the evidence is not necessary in motions for new trial where none of the questions raised requires a consideration of the evidence, such as disqualification of the judge or a juror, etc. The statute controls in such conflict.

What has been said will require a ruling adverse to the plaintiff in error as to the sufficiency of the application to modify or set aside, unless it can be held that her offer to amend, after the thirty-day period had expired, by attaching a brief of the evidence, which the trial judge certifies as true as to content, was a sufficient compliance with the law. This we can not do. The law is plain to the effect that the decree becomes final within thirty days unless within that period a written petition "setting forth good and sufficient grounds" for modification or setting aside is filed. Did the plaintiff in error here file within thirty days a written petition setting forth good and sufficient grounds? As ruled above, none of the alleged grounds is good or sufficient to justify modification or setting aside in the absence of a brief of the evidence. Consequently, her failure to file within the time fixed by the law such a petition allowed the decree to become final as the law provides, where no order of the court entered within that period allowed further time. Subsequent attempts

to amend were not authorized by the law, and did not have the effect of perfecting or altering the original insufficient petition filed within the time limit. It follows, therefore, that the court did not err in refusing to allow the amendment, to which a brief of the evidence was attached, and which was offered after the thirty-day period had expired. Nor did the court err in thereafter dismissing the application without submitting the same to a jury as demanded.

The judgment rendered on September 17, 1948, dismissing the petition to modify or set aside, was one which may be reviewed by a direct bill of exceptions, without a motion for new trial being made. That judgment is duly excepted to in this bill of exceptions, which was tendered to and approved by the trial judge on October 6 and filed on October 7, 1948, which was within the time required by the law. Such judgment is reviewable only by direct exception, and a motion for new trial is neither an appropriate nor available procedure for such a review. We might observe, however, that unless the motion for new trial was filed at a different term than that at which the judgment was rendered, it was not subject to the motion to dismiss upon the ground that it was not filed within the time prescribed by the Code, § 70-301, since the judgment it sought to review was rendered on September 17 and the motion was filed on September 29.

*Judgment affirmed on the main bill of exceptions. Cross-bill of exceptions dismissed. All the Justices concur, except Atkinson, P. J., who dissents, and Wyatt, J., who dissents from headnote 1, and the corresponding division of the opinion. Head, J., concurs in the judgment, but not in all that is said in the opinion.*