ALLISON *v.* ALLISON; *et vice versa.*

CANDLER, Justice. Mrs. Emmice W. Allison brought a suit for divorce and alimony against her husband, Clarence G. Allison. A jury, on February 5, 1948, granted the divorce and required Mr. Allison to pay Mrs. Allison $100 per month as permanent alimony and $150 per month for the support of their minor daughter. On the same day a judgment was accordingly entered. Mrs. Allison, within thirty days thereafter, filed a petition to modify or set aside the verdict and judgment. A demurrer challenging the sufficiency of the petition to state a good and sufficient cause for the relief sought was sustained on April 20, 1948, and the petition was dismissed. On April 29, 1948, Mrs. Allison filed a motion for new trial upon the usual general grounds, and on the ground that the dismissal of her petition to modify or set aside the verdict and judgment was contrary to the principles of equity and justice. On May 10, 1948, Mrs. Allison excepted to the judgment sustaining the demurrer to her petition to modify and set aside and dismissing the same, and by direct bill of exceptions brought her case to this court for review. On July 15, 1948, we affirmed the judgment complained of. On December 22, 1948, Mrs. Allison amended her motion for new trial by adding several special grounds attacking the verdict. Mr. Allison made a motion to dismiss the motion for new trial, one ground of which was that this court had previously held that no sufficient petition to modify or set aside the verdict and judgment in the cause had been made, and consequently there was nothing upon which to base a motion for new trial. The court overruled his motion and in a cross-bill of exceptions error is assigned upon that ruling. The motion for new trial, as amended, was overruled on January 13, 1949, and Mrs. Allison excepted to that judgment and again brought her case to this court for review. *Held:*

234

1. In a divorce and alimony proceeding a verdict or judgment, either or both, becomes of full force and effect after the expiration of thirty days from the rendition thereof unless some person at interest during that period files in the trial court a written petition setting forth good and sufficient grounds why it should be modified or set aside. Ga. L. 1946, p. 90; Code (Ann. Supp.), § 30-101.

2. When this case was here before we held that no sufficient petition to modify or set aside the verdict and judgment rendered in the cause had been filed, and that the judge for that reason did not err in dismissing it on demurrer. See *Allison* v. *Allison*, 204 *Ga.* 202 (48 S. E. 2d, 723). That ruling, of course, became the law of the case on that issue, and there was nothing then upon which to base a motion for new trial. *Dugas* v. *Dugas*, 201 *Ga.* 190 (39 S. E. 2d, 658); *Gault* v. *Gault*, 204 *Ga.* 205 (48 S. E. 2d, 819). In those two cases we held that before a motion for new trial can be filed in a case granting a total divorce or a total divorce and permanent alimony, there must be filed within thirty days thereafter a proper petition to modify or set aside the verdict or judgment complained of; and in the most recent case of *Huguley* v. *Huguley*, 204 *Ga.* 692 (51 S. E. 2d, 445), we held that, where a divorce is granted, the review which this court is now authorized to make, whether by direct bill of exceptions or by motion for new trial, is one confined to the judgment on the petition to modify or set aside the verdict and judgment rendered. Accordingly, since in the present case no sufficient petition was filed to modify or set aside the verdict and judgment, and in the absence of such a petition the verdict and judgment as rendered became of full force and effect thirty days thereafter, the judge should have sustained the motion to dismiss the amended motion for new trial, and it was error not to do so.

*Judgment reversed on the cross-bill of exceptions. Main bill of exceptions dismissed. All the Justices concur, except Atkinson, P. J., who dissents.*

Nos. 16605, 16606. APRIL 13, 1949.

*George & John L. Westmoreland*, for plaintiff.
*Matthews, Long & Moore*, for defendant.