## WINN *v.* WINN; *et vice versa.*

HAWKINS, Justice. On May 14, 1947, Elizabeth Winn filed her suit for alimony against Norman M. Winn, being case No. A-282, in Fulton Superior Court. On July 7, 1947, Norman M. Winn filed his suit for divorce against Elizabeth Winn, being case No. A-1179, in Fulton Superior Court. These two suits, to which defensive pleadings were filed by the defendants therein respectively, were consolidated and tried together, and the trial resulted in a verdict for a divorce for the plaintiff in the divorce suit, and a verdict for permanent alimony for the plaintiff in the alimony suit on January 29, 1948, and on the same date proper judgment and decree was entered thereon. Mrs. Elizabeth Winn, on February 28, 1948, filed her application to vacate and set aside the verdict and judgment, to which Norman M. Winn filed his demurrer on March 18, 1948, which demurrer was sustained on October 22, 1948, and the application to set aside the verdict and judgment was dismissed. To this judgment sustaining the demurrer and dismissing the application, Elizabeth Winn excepted pendente lite on October 29, 1948. Thereafter, on October 30, 1948, Elizabeth Winn filed her motion for a new trial, whereby she sought a review of the verdict and judgment of January 29, 1948, which motion was twice amended on November 19, 1948, one of which amendments struck ground four from the original motion for a new trial, and the other amendment added one additional ground for a new trial, wherein error was assigned on the failure of the trial court to charge the jury the principle of condonation of alleged acts of cruelty. This motion for a new trial was overruled on January 13, 1949, and on January 31, 1949, Elizabeth Winn tendered her bill of exceptions, wherein she assigned error on the judgment sustaining the demurrer and dismissing her application to set aside the verdict and judgment in the divorce case, to which she had excepted pendente lite, and also assigned error on the judgment overruling the motion for a new trial, which bill of exceptions was duly certified on February 11, 1949, and which is now before this court as case No. 16620.

On February 11, 1949, Norman M. Winn tendered and had properly certified his cross-bill of exceptions, wherein it is recited that on December 22, 1948, Norman M. Winn filed in the superior court his motion to dismiss the motion for a new trial and the amendment thereto filed by Elizabeth Winn, on the ground that subsequently to the rendition of the verdict and decree for divorce and alimony the movant had accepted monthly payments of alimony in the sum of two hundred dollars per month and the property division fixed by the jury on the trial of the case, and that she was, therefore, estopped, while receiving the benefits under that verdict and decree, from contesting the validity thereof. When the trial judge overruled the motion for a new trial on January 13, 1949, no order was passed on the motion to dismiss the same, but thereafter, on January 21, 1949, the trial judge entered an order nunc pro tunc effective as of January 13, 1949, without any formal hearing, denying the motion to dismiss the motion for a new trial as amended, to which order and judgment Norman M. Winn excepted pendente lite on January 24, 1949, and on February 11, 1949, presented and had certified his cross-bill of exceptions, assigning error on said judgment and

the exceptions pendente lite, and that cross-bill of exceptions is now before this court as case No. 16621.

In this court Norman M. Winn has filed two motions to dismiss the main bill of exceptions filed by Elizabeth Winn, in the first of which it is alleged that it conclusively appears from the bill of exceptions that no question has been presented thereby to this court for consideration, and the second of which is based upon the same grounds as the motion to dismiss the amended motion for a new trial in the court below. *Held:*

1. Under the decisions of this court in *Dugas* v. *Dugas,* 201 *Ga.* 190 (39 S. E. 2d, 658); *Huguley* v. *Huguley,* 204 *Ga.* 692 (51 S. E. 2d, 445); and *Allison* v. *Allison,* 205 *Ga.* 233 (53 S. E. 2d, 114), the method of reviewing a judgment dismissing on demurrer an application to set aside a verdict and decree granting a divorce and permanent alimony is by direct bill of exceptions, which, under Code, Ann. Supp., § 6-902, must be presented within twenty days from the date of the decision complained of, and the party dissatisfied with such verdict and decree granting a divorce and permanent alimony has no right to review the original verdict and decree by motion for a new trial. The request of counsel for the plaintiff in error to modify the rulings made in *Huguley* v. *Huguley,* supra, is denied.

2. The main bill of exceptions in this case not having been presented to the trial judge within twenty days from the date of the judgment dismissing on demurrer the application to set aside the verdict and decree granting a divorce and permanent alimony, and the assignment of error based upon the overruling of the amended motion for a new trial presenting no question for determination by this court, the main bill of exceptions must be and is dismissed, and this ruling necessarily carries with it a dismissal of the cross-bill of exceptions.

3. Under the rulings hereinbefore made, a decision of the question presented by the second motion to dismiss the main bill of exceptions is unnecessary.

*Main and cross-bills of exceptions dismissed. All the Justices concur, except Atkinson, P. J. who dissents.*

ATKINSON, Presiding Justice, dissenting. When the act approved January 28, 1946 (Ga. L. 1946, p. 90), changing the divorce law was first construed by this court in *Dugas* v. *Dugas,* 201 *Ga.* 190, I dissented from the construction the majority of the court placed thereon. I construed the act to mean that it was only in cases where no defense was filed and the judge tried the case, that the judgment was held in abeyance for thirty days and was subject to being modified or set aside by a petition by any person at interest; but that, when the case was submitted to a jury, or where a defense was filed and the issues were tried before the judge, the judgment then rendered was a final judgment and a motion for new trial was the proper procedure. Since the *Dugas* case I have also dissented in all cases where the ruling of the majority therein stated has been followed. *Gilbert* v. *Gilbert,* 202 *Ga.* 752 (44 S. E. 2d, 485); *Williams* v. *Williams,* 203 *Ga.* 231 (46 S. E. 2d, 65); *Allison* v. *Allison,* 204 *Ga.* 202 (48 S. E. 2d, 723); *Gault* v. *Gault,* 204 *Ga.* 205 (48 S. E. 2d, 819); *Huguley* v. *Huguley,* 204 *Ga.* 692 (51 S. E. 2d, 445).

As I interpret the mode of procedure to review divorce trials, as set forth in the foregoing cases, we have entered into a realm of procedure

hitherto unknown to the law, contrary to established modes of procedure, impregnated with innovations, and so intricate and complicated as to cause endless confusion to the bench and bar. Such procedure has modified and curtailed a litigant's rights under Code § 70-101 et seq., relating generally to motions for new trial, § 30-130, specifically relating to new trials in divorce cases, and is contrary to § 110-701 et seq., relating to the arrest and setting aside of judgments; though nowhere in the divorce act of 1946 is there anything that remotely indicates an intention to repeal the law relating to either. Following the interpretation of the act by the majority opinion in the *Dugas* case has already necessitated the development of a strange and unknown procedure; and future questions, which must inevitably arise, will lead further into this uncharted course of procedure, without the aid of a rule to guide or a precedent to follow.

The necessity of having to adopt and explore into a new field of procedure in divorce cases, in order to conform to the interpretation of the act as stated in the majority opinion in the *Dugas* case, has further strengthened my conviction that the majority of the court has construed the new divorce law contrary to the intent of the legislature. There are probably more divorce cases tried in our superior courts than all other cases combined, and maybe many times more. The legislative tendency in this era is to simplify legal procedure. It is inconceivable that this act be construed so as to give a legislative intent to abolish a simple and well-established procedure under which we have operated since the establishment of this court, and, by implication, substitute procedure which, so far as the writer knows, is unknown to any system of jurisprudence.

Nos. 16620, 16621. May 12, 1949.

*Douglas C. Lauderdale Jr.*, for plaintiff.

*Andrews & Nall* and *Gleason & Painter*, for defendant.