Mrs. Nina Williams DeGouras filed her suit for divorce and alimony against Paul DeGouras, based upon the ground of cruel treatment. The jury granted both parties a total divorce, removing the disabilities of both, and awarded the plaintiff $7500 as permanent alimony. Within thirty days from the date of the verdict and judgment, the plaintiff in the court below (the plaintiff in error here) filed her petition to modify and set aside the verdict and judgment. The motion as amended contains fourteen pages, but in substance alleges that the verdict and judgment should be modified and set aside for the following reasons: 1. The verdict was not authorized by the evidence. 2. The defendant was granted a divorce and his disabilities removed, notwithstanding the fact that the evidence disclosed he was married to another woman from whom he had not been divorced at the time he married the plaintiff. 3. The verdict and judgment was not couched in the language of § 30-116, Code Annotated. 4. The judge erred in his charge to the jury, for the reason that he did not charge them to the effect that alimony could be awarded the plaintiff even if she was denied a divorce; that he failed to charge the jury that alimony could be awarded the plaintiff for life; and that he failed to charge the jury that they might award the plaintiff all of the property of the defendant, both real and personal, as alimony. 5. There was no competent expert testimony as to the value of the property of the defendant. The defendant filed a general demurrer to the petition to modify and set aside, upon the ground: "Said petition fails to set forth any good and sufficient grounds for the modification or setting aside of said verdict and judgment." This demurrer was sustained and the petition dismissed, and to this judgment the plaintiff in error excepts. There were other grounds of demurrer not passed upon by the trial court. Held:
1. If the jury believed the testimony of the defendant, which they had a right to do, more than half the value of the property of the defendant was awarded to the plaintiff as alimony. We cannot say that the verdict was not authorized by the evidence; on the contrary, the amount awarded as alimony seems to have been a very substantial amount. The contention that the disabilities of the defendant should not have been removed, for the reason that, after the previous marriage was discovered by the plaintiff, the defendant obtained a divorce, remarried the plaintiff, and they then lived together for several years, is wholly without merit. She cannot now complain after such condonation. While the verdict and judgment was not couched in the exact language contained in § 30-116, Code Ann., the language used was substantially the same.
2. The exceptions to the charge of the court, set out in the foregoing statement of facts, all appear on their face to be without merit.
3. If the plaintiff in error desired expert testimony as to the value of the defendant's property, there was nothing to have prevented her from providing such testimony on the trial, and she will not now be heard to complain on account of her failure to do so.
4. For the foregoing reasons, it appears that the petition in this case *Page 363 
set forth no valid or legal reason why the verdict and judgment should be modified or set aside. The act of 1946 (Ga. L. 1946, pp. 90, 91) expressly provides that a divorce verdict and judgment, within the thirty-day period, cannot be modified or set aside except upon "good and sufficient grounds." This court has so held in Gault v. Gault, 204 Ga. 205
(48 S.E.2d 819); Allison v. Allison, 204 Ga. 202
(48 S.E.2d 723); Huguley v. Huguley, 204 Ga. 692
(51 S.E.2d 445). It follows, as a matter of course, that, when a petition of the kind now under consideration fails to set forth "good and sufficient grounds" for the modification or setting aside of the verdict and judgment, it should be dismissed upon general demurrer.
Judgment affirmed. All the Justices concur. Atkinson, P. J., concurs in the judgment only.
 No. 16678. JUNE 13, 1949.