THOMPSON *v.* THOMPSON.

No. 17190. SEPTEMBER 11, 1950. REHEARING DENIED OCTOBER 13, 1950.

*Harold Sheats,* for plaintiff in error.

*James R. Venable, H. C. Morgan,* and *John L. Respess,* contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) In construing the procedure for setting aside verdicts and judgments where a divorce has been granted under the divorce law of 1946 (Ga. L. 1946, p. 90), the majority members of this court (though the writer has consistently dissented therefrom) have held that it must be done by a motion to modify or set aside the verdict or judgment filed within 30 days. *Dugas* v. *Dugas,* 201 *Ga.* 190 (39 S. E. 2d, 658); *Gilbert* v. *Gilbert,* 202 *Ga.* 752 (44 S. E. 2d, 485); *Williams* v. *Williams,* 203 *Ga.* 231 (46 S. E. 2d, 65); *Allison* v. *Allison,* 204 *Ga.* 202 (48 S. E. 2d, 723); *Gault* v. *Gault,* 204 *Ga.* 205 (48 S. E. 2d, 819); *Huguley* v. *Huguley,* 204 *Ga.* 692 (51 S. E. 2d, 445); *Allison* v. *Allison,* 205 *Ga.* 233 (53 S. E. 2d, 114); *Winn* v. *Winn,* 205 *Ga.* 314 (53 S. E.

2d, 477); *Stebbins* v. *Stebbins,* 206 *Ga.* 529 (57 S. E. 2d, 564). If the motion is based on grounds which require a consideration of the evidence, then a brief of the evidence must accompany the motion. In such cases this court will only review judgments rendered on the petition to modify or set aside, presented either by direct exceptions, or exceptions to the order overruling a motion for new trial on the petition to modify or set aside.

From an examination of the record, in the light of the foregoing rules, it appears that there is an absence of any motion to modify or set aside the verdict or judgment, or of any judgment based on such a motion. While the motion for new trial, which was filed March 4, 1950, more than a year and a half after the verdict and judgment, recites "motion to modify as amended overruled on February 27, 1950," yet there is nothing in the record to show what, if any, grounds were specified in the motion. Whether the motion was good or bad, we do not know. The reference is made to a motion to "modify," but how and in what manner it was sought to be modified, we can not tell. The motion for new trial seeks to "set aside" the verdict, and therefore we cannot construe the record as meaning that the grounds set forth in the motion to "modify" the judgment were the same as the grounds contained in the motion for new trial which sought to set aside the verdict. Where a divorce has been granted and a motion to modify has been filed and denied, the judgment subject to review here is the judgment on the motion to modify, whether attacked by direct bill of exceptions or by motion for new trial; and where, as here, the motion to modify on which a new trial is sought is not brought up as part of the record, this court has no basis upon which it could determine that the trial judge erred. The burden is on the party alleging that a judgment is erroneous to show it affirmatively by the record. *Richter* v. *Cann,* 191 *Ga.* 103 (11 S. E. 2d, 774), and citations.

*Judgment affirmed. All the Justices concur, except Atkinson, P.J., who concurs specially.*

ATKINSON, Presiding Justice. I think that the writ of error should be dismissed, not by reason of the rules of procedure for the review of divorce verdicts as stated in the opinion, but because, there having been a defense filed and a trial had on the issues in the divorce and alimony suit, the losing party should

have filed a motion for new trial during the term, and not a motion to set aside.