LLOYD *v.* LLOYD.

HEAD, Justice. 1. The act of the General Assembly approved January 28, 1946 (Ga. L. 1946, pp. 90-93; Code, Ann. Supp., § 30-101), provides that a verdict or judgment for total divorce shall become of full force and effect at the expiration of thirty days "unless some person at interest shall file in said court a written petition setting forth good and sufficient grounds for the modification or setting aside of such verdict or judgment." In the present case no written petition setting forth "good and sufficient grounds" for the setting aside of the original divorce decree was filed in the manner directed by law. See *Allison* v. *Allison,* 204 *Ga.* 202 (48 S. E. 2d, 723); *Dixon* v. *Dixon,* 204 *Ga.* 363 (49 S. E. 2d, 818); *Allison* v. *Allison,* 205 *Ga.* 233, 234 (1) (53 S. E. 2d, 114); *Harrison* v. *Harrison,* 207 *Ga.* 393 (61 S. E. 2d, 837).
2. The judgment of the court entered on May 11, 1951, "upon oral motion of plaintiff's counsel," was a mere nullity; and all subsequent judgments by the court in this case are void. The original judgment and decree of divorce stands as a valid judgment, since no petition setting forth "good and sufficient grounds" was filed to set aside the judgment within the time provided by law.

*Judgment reversed. All the Justices concur.*

No. 17688. SUBMITTED JANUARY 14, 1952—DECIDED FEBRUARY 11, 1952.

*J. D. Godfrey* and *Casey Thigpen,* for plaintiff.
*Harold E. Ward* and *B. B. Hayes,* for defendant.

Mrs. Grace Johnson Lloyd filed a divorce action against her husband, W. L. Lloyd, to which petition was attached an acknowledgement of service and the consent of the defendant for the case to be heard at the first term. On April 27, 1951, a decree was entered dissolving the marriage, with the defendant given the right to remarry.

On May 11, 1951, an order was entered, which recites: "Upon motion of plaintiff's counsel the decree signed April 27, 1951, is hereby set aside without prejudice and that said case be tried upon issue at next term of court."

On August 2, 1951, Mrs. Lloyd filed a petition praying that the

judgment of May 11, 1951, vacating the divorce decree, be vacated and set aside, and on the same date the court entered an order vacating the judgment of May 11, 1951.

On August 9, 1951, W. L. Lloyd filed a petition to vacate the order dated August 2, 1951, upon which motion a rule nisi was duly issued. On September 14, 1951, the court entered a judgment vacating the judgment dated August 2, 1951.

Error is assigned by Mrs. Lloyd on the judgment entered on September 14, 1951.