37227. THOMPSON *v.* CENTRAL OF GEORGIA RAILWAY
COMPANY *et al.*

CARLISLE, Judge. 1. Under the terms of the act of 1946 (Ga. L. 1946, p. 90) providing a procedure for the granting of total divorces and providing that, if a verdict or judgment is rendered authorizing a grant of a total divorce, such verdict or judgment shall not become final for a period of 30 days thereafter, and that at the expiration of such 30-day period the verdict or judgment shall become of full force and effect unless some person at interest shall file in the court a written petition setting forth good and sufficient grounds for the modification or setting aside of such verdict or judgment, a decree entered on the petition of a wife granting her a total divorce under the terms of said act and providing therein that, "at the expiration of 30 days from this date this judgment shall become of full force and effect, as by law provided," insofar as said decree purported to grant a divorce to the parties, was of no force and effect until the expiration of said 30-day period. *Dugas* v. *Dugas,* 201 *Ga.* 190 (2) (39 S. E. 2d 658). Accordingly, where the defendant in the divorce action died within the 30-day period after the entry of the decree, such decree never became effective to sever the marital bonds between the plaintiff and the defendant therein and could not, subsequent to the death of the defendant, have any force or effect in this regard. *Watson* v. *Adams,* 103 *Ga.* 733 (1) (30 S. E. 577). See in this connection *Skidaway Shell-Road Co.* v. *Brooks,* 77 *Ga.* 136, 138, setting forth an interesting discussion of the question as to whether judgments may be entered for or against deceased persons, and concluding with this statement: "but in cases of interlocutory verdicts and judgments and not final, where the action would not survive, then no judgment would be allowed to be entered on the verdict; and it is thought that no decision can be found in any English case to the contrary of what is here stated."

2. While a judgment rendered by a court lacking jurisdiction of the parties or of the subject matter is void and may be attacked by any party in any court (Code § 110-701), where such want of jurisdiction appears upon the face of the record (*Jones* v. *Smith,* 120 *Ga.* 642 (2), 48 S. E. 134), "The judgment of a court of competent jurisdiction may not be collaterally attacked in any other court for irregularity, but shall

be taken and held as a valid judgment until it is reversed or set aside." Code § 110-708. Where under the circumstances outlined in the preceding headnote the plaintiff in the divorce proceeding filed in the superior court where the divorce was pending, within the 30-day period after the entry of the final judgment and decree, a pleading denominated a petition and referring therein to the divorce action by number and name and setting forth therein the facts relating to the death of the defendant, and praying that on account of the death of the defendant she desired that the final judgment and decree not become final and a matter of record against the defendant and that it be vacated and set aside, and where the judge of the superior court, in an order and judgment entitled in the cause, granted such prayer and vacated and set aside the original judgment and decree and allowed the plaintiff to dismiss her divorce petition, such judgment was not void on its face within the rule stated, so as to be subject to collateral attack by a third party, whose rights were not affected thereby, in a proceeding in a different court instituted by the widow to recover from such third party on account of the death of her husband.

3. It follows that the Judge of the City Court of Louisville erred in excluding from the evidence in the trial of the plea in bar a copy of the petition of the plaintiff and the order of the judge of the superior court vacating and setting aside the divorce decree as complained of in special ground 1 of the motion for a new trial and in thereafter sustaining the plea in bar and in denying the motion for a new trial.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED SEPTEMBER 9, 1958—REHEARING DENIED
SEPTEMBER 22, 1958.

*Marshall L. Fountain,* for plaintiff in error.
*Milton A. Carlton, Price, Spivey & Carlton, Abbot & Abbot,* contra.