18437

Beverly C. JAMES, Respondent, v. Grace B. WILLIAMS, Appellant

(145 S. E. (2d) 683)

*J. Reuben Long, Esq.,* of Conway, *for Appellant,*

*O. A. Rankin, Esq.,* of Conway, *for Respondent,*

December 14, 1965.

Lewis, Justice.

The defendant has appealed from a judgment entered against her in the amount of $10,000.00, for damages allegedly sustained by the plaintiff as a result of the alienation of the affections of plaintiff's husband. The only questions for decision are (1) whether the trial judge erred in refusing to direct a verdict in favor of the defendant upon the ground that the evidence conclusively showed that the plaintiff and her husband were not lawfully married because of the invalidity of a foreign divorce obtained by the husband from a prior wife; and (2) whether the trial judge erred in admitting in evidence a certified copy of the foreign divorce proceedings.

The plaintiff and D. Norton James were married on February 9, 1938, and lived together as husband and wife until the latter part of 1960, when they separated as a result of the alleged alienation of the husband's affections by the defendant. Three children were born to this marriage.

It appears that the plaintiff's husband, D. Norton James, had been previously married to one Velma Elizabeth Moore on April 4, 1936; and that this marriage was purportedly dissolved by a judgment of divorce obtained by James in the State of Georgia on January 22, 1938, prior to his marriage to the plaintiff. Formal

proof of the Georgia divorce consisted of a photostatic copy of the record showing that James had been granted a divorce in that action from his first wife by the verdicts of two juries. This constituted a final judgment of divorce under Georgia law. *Burns v. Lewis,* 86 Ga. 591, 13 S. E. 123; *Montfort v. Montfort,* 88 Ga. 641, 15 S. E. 688; Allison v. Allison, 205 Ga. 233, 53 S. E. (2d) 114.

During the trial of the case, the defendant was permitted to amend her answer so as to attack the validity of the foregoing Georgia divorce upon the ground that neither James nor his first wife were ever domiciled in the State of Georgia so as to give the courts of that State jurisdiction to grant a valid judgment. It was the defendant's contention that the Georgia divorce was invalid and that its invalidity made the subsequent marriage of plaintiff to James illegal and void, thereby depriving her of the right to recover in this action since the cause of action for alienation of affections arises from interference with the marital relation. 42 C. J. S., Husband and Wife, Section 663. The defendant moved during the trial for a directed verdict in her favor upon the ground that the evidence conclusively supported the foregoing contentiton. This motion was refused and the correctness of this ruling by the lower court presents the first question for determination.

The issue as to whether James or his first wife were domiciled in the State of Georgia, so as to give the courts of that State jurisdiction to grant a valid divorce, was submitted by the trial judge to the jury for determination. The verdict of the jury resolved this issue against the contentitons of the defendant and in favor of the validity of the judgment of the Georgia court.

While the plaintiff argues that the defendant, a stranger to those proceedings, had no status to collaterally attack the Georgia judgment, we find it unnecessary to decide that question. For assuming the right of the defendant to make such collateral attack, admittedly, the attack fails if there

was evidence to sustain the foregoing findings of the jury that the Georgia court had jurisdiction.

The defendant relied mainly upon the testimony of James and certain of the testimony of the plaintiff to sustain the contention that James nor his first wife were ever domiciled in the State of Georgia. James testified that he nor his first wife ever lived in the State of Georgia; although he procured the Georgia divorce from his first wife and, presumably, presented evidence in that case as to domicile to sustain the jurisdiction of the Georgia court. Shortly after the Georgia divorce was granted, James and the plaintiff, relying upon that judgment as dissolving the prior marriage of James, were married and lived together as husband and wife for approximately 22 years, with three children born to that union. They separated in the latter part of 1960 and obtained, in a suit by the plaintiff, a divorce decree in this State dissolving their marriage. At no time was the position taken in the divorce action in this State that the plaintiff and James were not legally married. We therefore have a situation where, after procuring the Georgia divorce from his first wife, living with a second wife for 22 years and having three children by her, James took the witness stand, in a suit brought by his second wife for the alienation of his affections by the defendant, and testified in effect that 22 years ago he procured a divorce in the State of Georgia on perjured testimony. The foregoing clearly presented a factual issue as to the domicile of James at the time he procured the Georgia divorce, which was properly submitted to the jury for determination.

Finally, the defendant contends that the trial judge committed prejudicial error in admitting in evidence a certified copy of the final judgment in the Georgia divorce proceedings.

The plaintiff was permitted to enter in evidence, over the defendant's objection, a certified photostatic copy of the final judgment in the Georgia divorce action for the purpose of showing that James had been granted a divorce from his

first wife. The only ground of objection, preserved in this appeal, to the admission of the judgment relates to the form of proof. The defendant contends that under the provisions of Section 26-122 of the 1962 Code of Laws only an exemplified, and not a certified, copy of the judgment was admissible. There is no merit in this exception.

The fact sought to be proved by the certified copy, that is, the entry of a final judgment by the Georgia court, is not questioned in this appeal. Under these circumstances, the proof thereof by a certified copy, if error, clearly resulted in no prejudice to the defendant.

Affirmed.

TAYLOR, C. J., and MOSS, BUSSEY and BRAILSFORD, JJ., concur.