CHAMPION *v.* CHAMPION; *et vice versa.*

Nos. 17232, 17233. OCTOBER 11, 1950. REHEARING DENIED NOVEMBER 15, 1950.

*Frank G. Wilson,* for plaintiff in error.

*Thomas A. Jacobs Jr.,* contra.

ALMAND, Justice. On October 14, 1948, Mrs. Clara D. Champion filed suit against Thomas G. Champion for temporary and permanent alimony, counsel fees and custody of their two minor children. She alleged that the defendant had wilfully and voluntarily abandoned and refused to live with her. The defendant answered, denying the plaintiff's right to alimony; and on November 15 he filed a suit against her, praying that he be granted a total divorce, on the ground of alleged cruel treatment. The wife answered and denied the allegations of cruel treatment. The record discloses that these two cases were consolidated and tried together before a jury, which returned a verdict in favor of the husband on his petition for divorce, and allowed both parties to remarry. The verdict also awarded to the wife the husband's interest in a house and lot, permanent alimony for her support, a stipulated sum per month for the support of their children, and counsel fees. Judgment was entered on this verdict. The verdict and judgment were each captioned in both the divorce case and the alimony case, and the judgment recites: "The above cases coming on to be heard on February 6, 1950, and the counsel for both parties agreeing in open court that the cases might be consolidated and the issues in both cases submitted to the jury and the court having consolidated the cases pursuant to this agreement:"

Mr. Champion moved for a new trial on the general grounds. In an amendment to the motion, error is assigned on the admission and rejection of testimony as to the issues of divorce and alimony. While the original motion for a new trial was pending, Mrs. Champion filed a motion to dismiss Mr. Champion's motion for a new trial: "because said motion was prematurely filed, and the verdict and judgment in said case cannot be set aside or attacked by a motion for new trial unless there is first filed a written motion to set aside said verdict, which written motion must be filed within thirty days, and which written motion must be accompanied by a brief of the evidence, and which must set out legal and meritorious grounds to set the verdict aside. No written motion accompanied with a brief of the evidence having been filed in this case in accordance with the statute, respondent moves the court to dismiss the motion for new trial as being prematurely filed." This motion of Mrs. Cham-

pion, and the motion of Mr. Champion for a new trial as amended, were overruled.

Mr. Champion filed a bill of exceptions, captioned only in the alimony case, assigning error on the overruling of his motion for a new trial. By cross-bill of exceptions, Mrs. Champion assigned error on the denial of her motion to dismiss the motion of Mr. Champion for a new trial. This cross-bill recites the trial of the alimony suit, and also that, "in the same trial of the alimony case, there came on to be heard" the divorce action filed by the husband, and that "Said cases came on for trial, and . . the jury rendered one verdict granting a total divorce to T. G. Champion on his petition and removing the disabilities of Mrs. T. G. Champion. In the same verdict the jury awarded Mrs. Champion title to the property jointly owned by" the parties to the cases, "and awarded" specified sums for the support of herself and the children of the marriage.

Under the record in this case as shown above, the suit of Mrs. Champion for permanent alimony and the suit of Mr. Champion for total divorce were consolidated by the court and tried together; the jury returned one verdict finding in favor of a total divorce for both parties and granting Mrs. Champion permanent alimony; and upon this verdict judgment was entered. Mr. Champion filed a motion for a new trial on the general grounds, complaining of the verdict as to the grant of the divorce as well as to the grant of permanent alimony. The motion of Mrs. Champion to dismiss the motion for new trial, because Mr. Champion had not previously made a motion, within 30 days from the date of the verdict granting a total divorce and permanent alimony, to modify or set aside such verdict, should have been sustained.

This court has on several occasions (*Allison* v. *Allison*, 204 *Ga.* 202, 48 S. E. 2d, 723; *Winn* v. *Winn*, 205 *Ga.* 314, 53 S. E. 2d, 477; *Stebbins* v. *Stebbins*, 206 *Ga.* 529, 57 S. E. 2d, 564) construed Code § 30-101, as amended by the act of 1946 (Ga. L. 1946, p. 90; Ga. Code, Ann. Supp., § 30-101), to mean that, where a divorce is granted, the only mode of attacking that verdict is by a written motion to modify or set aside such verdict within 30 days, and that a motion for a new trial is not an available remedy to attack the verdict. There being a verdict for a total

divorce between the parties in this case, and Mr. Champion having filed a motion for a new trial attacking the verdict as a whole, he does not bring himself out of the application of this rule by filing a bill of exceptions captioned in the alimony case only, where it appears in both the main and the cross-bill of exceptions that there was one verdict, one judgment, and one motion for a new trial complaining of the verdict as a whole, and one order overruling the motion for a new trial as a whole.

It was error for the trial judge to overrule the motion of Mrs. Champion to dismiss the motion for a new trial.

*Judgment reversed on the cross-bill of exceptions; main bill of exceptions dismissed. All the Justices concur, except Atkinson, P.J., who dissents.*