### 18784. BEDINGFIELD *v.* BEDINGFIELD.

MOBLEY, Justice. Dorothy Chafin Bedingfield filed in DeKalb Superior Court, against her husband Leonard Aaron Bedingfield, a petition for divorce on the ground of cruel treatment. A jury trial having been waived, the court entered a judgment on June 4, 1954, granting a total divorce, and awarding $275 as permanent alimony and $100 as attorney's fees. The husband did not make a motion to modify or set aside the judgment within thirty days of the divorce, but filed a motion for new trial on July 12, 1954, which was subsequently amended. To an order denying the amended motion for new trial the husband excepted. A

motion was made in the Supreme Court to dismiss the writ of error, on the ground that the husband had not complied with the laws of Georgia, in that he did not within the thirty days from the date of the decree file in the trial court a written petition setting forth good and sufficient grounds for the modification or setting aside of the decree. *Held:*

1. This court has construed Code § 30-101, as amended by the act of 1946 (Ga. L. 1946, p. 90), to mean that, where a divorce is granted, the only mode of attacking that verdict or judgment is by a written motion to modify or set aside such verdict or judgment within 30 days, and that a motion for a new trial is not an available remedy to attack the verdict or judgment. *Champion* v. *Champion,* 207 *Ga.* 431 (61 S. E. 2d 822); *Neal* v. *Neal,* 209 *Ga.* 199 (71 S. E. 2d 229).

2. Upon request to review and overrule *Dugas* v. *Dugas,* 201 *Ga.* 190 (2) (39 S. E. 2d 658), *Huguley* v. *Huguley,* 204 *Ga.* 692 (2) (51 S. E. 2d 445), and similar cases, holding that, where a divorce is granted, a petition to modify or set aside a verdict or judgment must be filed within thirty days as a prerequisite to any review in the Supreme Court, the rulings therein made are adhered to as a correct statement of the law, and the request of the plaintiff in error that they be overruled is denied.

3. Since a motion for new trial was not an available remedy to obtain a review by the Supreme Court in the present case, where no petition was filed to modify or set aside the judgment granting a divorce, the trial court did not err in denying the amended motion for new trial.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 9, 1954—DECIDED JANUARY 10, 1955—REHEARING DENIED FEBRUARY 14, 1955.

*Charles W. Anderson,* for plaintiff in error.
*Victor K. Meador,* contra.

