19068. GLOSSON *v.* GLOSSON.

Argued September 13, 1955—Decided October 11, 1955.

*S. B. Lippitt*, for plaintiff in error.

*H. G. Rawls*, contra.

Almand, Justice. On the petition of W. R. Glosson for a total divorce, and the cross-petition of Mrs. Annie Lou Minchew Glos-

son for permanent alimony, a jury awarded the parties a divorce and granted the defendant $50 per month as permanent alimony.

The defendant moved to vacate and set aside the verdict and judgment on the grounds: (a) the verdict was contrary to the evidence and without evidence to support it, decidedly and strongly against the weight of the evidence, and contrary to law; (b) the verdict was rendered by reason of bias and prejudice against the defendant, because of favor and affection of the jury for the plaintiff, because immediately after reception of the verdict, and before the jury had left the jury box, members of the jury and the plaintiff engaged in hand-shaking and back-slapping and other congratulatory expressions; and (c) the award of $50 per month for the support of the defendant was unreasonable and unconscionable. A brief of the evidence was filed with the motion. The plaintiff filed general and special demurrers to the motion. On a hearing the court overruled the demurrers; and, after reciting in his order that, "in the exercise of the discretion vested by law in the court, the verdict of the jury rendered herein is disapproved," vacated and set aside the verdict and judgment. The plaintiff in a bill of exceptions assigns error on this order.

Under section 1 of the act approved January 28, 1946 (Ga. L. 1946, p. 90; Code, Ann., § 30-101), a motion for a new trial is not an available remedy to attack a verdict and judgment for divorce and permanent alimony (*Champion* v. *Champion*, 207 *Ga.* 431, 61 S. E. 2d 822), but the dissatisfied party must move within 30 days from the date of the verdict to modify, vacate, or set aside the verdict and judgment. In passing upon such motion, the judge is not authorized to exercise the broad discretion that he has in granting or refusing a new trial, but he can modify, vacate, or set aside the verdict and judgment for divorce and permanent alimony only where good and sufficient grounds are shown. Where a petition fails to set forth "good and sufficient grounds" for the modification or setting aside of the judgment, it should be dismissed on general demurrer. *DeGouras* v. *De-Gouras*, 205 *Ga.* 362 (4) (53 S. E. 2d 759).

· The evidence in this case fully supports the verdict for divorce. According to the evidence, the jury were authorized to find that the plaintiff's income was $275 per month, and that his debts

exceeded the sum of $8,000; that the defendant had an income of $30 per month, and an interest in income-producing property. It cannot be said that the award of $50 per month as permanent alimony was "unconscionable."

The conduct of the plaintiff and the jurors, while improper and not to be approved, occurring after the reception of the verdict, does not in itself show such bias or prejudice as would render the verdict void, and does not constitute good and sufficient ground for vacating the verdict and judgment. Compare *Grace* v. *Martin*, 83 *Ga.* 245 (2) (9 S. E. 841), and *Pinkston* v. *Mercer*, 112 *Ga.* 365 (1) (37 S. E. 365), where similar conduct was held not to constitute sufficient grounds for a new trial.

The petition failing to set forth good and sufficient grounds to vacate and set aside the verdict and judgment, it was error for the court to overrule the general and special demurrers of the plaintiff, and to vacate the verdict and judgment. *Gault* v. *Gault*, 204 *Ga.* 205 (48 S. E. 2d 819); *Harrison* v. *Harrison*, 207 *Ga.* 393 (61 S. E. 2d 837).

*Judgment reversed. All the Justices concur.*