### 19365. TAYLOR *v.* TAYLOR.

MOBLEY, Justice. On July 8, 1954, Fred Taylor brought his petition for divorce against Margery Badger Taylor. The parties were married in April, 1949. On August 26, 1954, the defendant filed an answer and cross-action, which she twice amended, praying that she be awarded a divorce and permanent alimony. On December 8, 1955, a jury returned a verdict awarding the defendant a divorce and permanent alimony. In due course, the plaintiff filed a petition to modify and set aside the verdict and judgment, to which petition the defendant filed general and special demurrers. The trial court passed an order sustaining some of the demurrers and overruling others, and thereafter sustained the motion to modify and set aside the verdict and judgment and granted the plaintiff a new trial. To the judgments overruling her demurrers and sustaining the motion to modify and set aside and granting the plaintiff a new trial, the defendant excepts. *Held:*

1. Paragraph 8 of the plaintiff's petition to modify and set aside the verdict and judgment alleges that the judgment does not follow the verdict, in that the jury awarded to Mrs. Taylor the equity in the house and lot located at 750 E. Paces Ferry Road, while the judgment awarded her, in addition thereto, lots 28 and 29 of block E. in the Peachtree Highland subdivision, it being contended that said lots 28 and 29 are not a part of the house and lot known as 750 E. Paces Ferry Road. In her amended answer and cross-action, Mrs. Taylor prayed that she be awarded possession and fee-simple title to the real estate located at 750 E. Paces Ferry Road together with all vacant land appurtenant thereto, said real estate being located in land lot 46 of the 17th district of Fulton County. That part of the verdict was, "We the jury grant the equity in house

& lot locate at 750 E. Paces Rd., Atlanta, Ga.," to Mrs. Taylor. A judgment must conform to the verdict (Code § 110-301); and likewise it must follow the true meaning and intent of the finding of the jury. *Manget-Brannon Co.* v. *White Crown Fruit Jar Co.,* 20 *Ga. App.* 339 (93 S. E. 307). "Verdicts shall have a reasonable intendment, and shall receive a reasonable construction, and shall not be avoided unless from necessity." Code § 110-105. In determining whether a judgment conforms to the verdict, the judgment must be construed with reference to the pleadings and the evidence. *Stanfield* v. *Downing Co.,* 186 *Ga.* 568 (199 S. E. 113); *Bentley* v. *Still,* 198 *Ga.* 743 (32 S. E. 2d 814); *Powell* v. *Moore,* 202 *Ga.* 62, 66 (42 S. E. 2d 110). The pleadings do not allege and the evidence does not show that the plaintiff owned any vacant property appurtenant to the residence located at 750 E. Paces Ferry Road. Therefore, following the above-cited rules for the construction of verdicts, in the absence of pleadings or evidence showing the plaintiff to be the owner of vacant property appurtenant to 750 E. Paces Ferry Road, it could not be said that in awarding the defendant the equity in the house and lot located at 750 E. Paces Ferry Road the jury intended to award any vacant property appurtenant thereto to the defendant. The judgment identifies lot 25, block B of the Peachtree Park Subdivision, located in land lot 46 of the 17th district of Fulton County, Georgia, as being improved property known as 750 E. Paces Ferry Road, and this part of the judgment conforms to the verdict of the jury. On the other hand, there is nothing to identify lots 28 and 29 of block E of the Peachtree Highland Subdivision, located in lot 46 of the 17th district of Fulton County, Georgia, as being a part of or contiguous to or in any way connected with the improved property at 750 E. Paces Ferry Road, and accordingly this part of the judgment does not conform to the verdict and is contrary to the law and the evidence. Since the judgment did not follow the verdict, the petition to modify and set aside set out a cause of action and was not subject to general demurrer. The judgment of the trial court, overruling the general demurrer, was not error.

2. "The first grant of a new trial shall not be disturbed by the appellate court, unless the plaintiff in error shall show that the judge abused his discretion in granting it, and that the law and facts require the verdict notwithstanding the judgment of the presiding judge." Code (Ann.) § 6-1608, and cases cited thereunder. We are dealing here with the first grant of a new trial by the trial judge, and if Code (Ann.) § 6-1608 is applicable to the first grant of a new trial upon a petition to modify and set aside a verdict and judgment for divorce and alimony, as provided for in Code (Ann.) § 30-101, the judgment of the trial judge will not be disturbed by this court, as the law and facts do not require the verdict in favor of the defendant, and no abuse of his discretion is shown.

It has been definitely settled by this court in several decisions (*Stebbins* v. *Stebbins,* 206 *Ga.* 529, 57 S. E. 2d 564; *Champion* v. *Champion,* 207 *Ga.* 431, 61 S. E. 2d 822; *Neal* v. *Neal,* 209 *Ga.* 199, 71 S. E. 2d 229; *Branch* v. *Branch,* 211 *Ga.* 22, 83 S. E. 2d 601; *Bedingfield* v. *Bedingfield,* 211 *Ga.* 310, 85 S. E. 2d 756; *Palmer* v. *Palmer,* 211 *Ga.* 372, 86 S. E. 2d 97), that a petition to modify and set aside is the only available remedy to attack a verdict and judgment granting a divorce and alimony.

A motion for new trial is not an available remedy except that the judgment upon a petition to modify and set aside may be excepted to in a motion for new trial. *Huguley* v. *Huguley,* 204 *Ga.* 692 (51 S. E. 2d 445). In *Allison* v. *Allison,* 204 *Ga.* 202, 204 (48 S. E. 2d 723), it was stated: "It thus appears that at the time of the approval of the act of 1946 [Ga. L. 1946, p. 90; Code, Ann., § 30-101], it was the established law of this State that a motion to set aside a verdict in a divorce case was the equivalent of a motion for new trial and must meet the requirements of a motion for new trial in substance and form." The petition to modify and set aside has been substituted for a motion for new trial as a means of obtaining a new trial in cases granting divorce and alimony, and such a petition is the equivalent of a motion for new trial.

In *Huguley* v. *Huguley,* supra, this court, in discussing the act of 1946, supra, aptly pointed out that said act makes no attempt to prescribe the form of the application to set aside and modify or the procedure to obtain a review of a judgment thereon. Likewise, while the act provides that the petition must be based upon good and sufficient grounds, nothing is stated as to what are good and sufficient grounds. Since the legislature provided the motion to modify and set aside as a substitute for a motion for new trial in these cases, but did not define what is meant by "good and sufficient grounds," the only conclusion this court can draw is that the legislature intended that the grounds upon which motions for new trial may be granted constitute "good and sufficient grounds" to modify and set aside a verdict and judgment for divorce and alimony. If we reached any other conclusion, we would be attempting to read into the act of 1946 something which the legislature itself did not include therein. Code (Ann.) § 30-130 provides that "New trials may be granted in divorce suits as in other cases," and we will not disturb the first grant of a new trial upon a petition to modify and set aside unless the court abused his discretion and the law and facts required the verdict of the jury, notwithstanding the judgment of the trial court. Code § 6-1608. The statement of this court in *Glosson* v. *Glosson,* 211 *Ga.* 878, 879 (89 S. E. 2d 516), to the effect that, in passing upon a motion to modify and set aside, the trial judge can not exercise the broad discretion he has in passing upon motions for new trial, is obiter dictum, as the court held that the petition failed to set forth good and sufficient grounds for the modification or setting aside of the judgment, and should have been dismissed on general demurrer. That being true, the question of the exercise of discretion by the trial judge was not reached in that case.

After a careful review of the record in this case, we are of the opinion that the grant of the new trial in this case was not an abuse of the discretion of the trial court, and the judgment is

*Affirmed. All the Justices concur.*

SUBMITTED MAY 16, 1956—DECIDED SEPTEMBER 7, 1956—REHEARING DENIED OCTOBER 11, 1956.

*Matthews & McClelland,* for plaintiff in error.
*Douglas C. Lauderdale, Jr., Osgood O. Williams,* contra.