### 19438. FUNDERBURK *v.* FUNDERBURK.

WYATT, Presiding Justice. Plaintiff in error brought suit against defendant in error, seeking a total divorce. The defendant answered, denying the

material allegations of the petition. The jury returned a verdict in favor of a total divorce on February 2, 1956, and judgment was entered thereon on February 19, 1956. Thereafter, on February 28, 1956, the defendant in the court below filed a motion to set aside the verdict and judgment and the motion was duly granted. The exception here is to that judgment. *Held:*

"The first grant of a new trial shall not be disturbed by the Appellate Court, unless the plaintiff in error shall show that the judge abused his discretion in granting it, and that the law and facts require the verdict notwithstanding the judgment of the presiding judge." Code § 6-1608 and cases cited thereunder. In the instant case we are dealing with the first grant of a new trial upon a petition to modify and set aside a verdict and judgment for divorce, to which Code § 6-1608 is applicable. See *Taylor* v. *Taylor*, 212 *Ga.* 637 (94 S. E. 2d 744). This court will not, therefore, disturb the judgment of the court below unless it appears that the court below abused its discretion, and that the law and the facts require a finding in favor of the plaintiff in error notwithstanding the judgment of the court below. A careful review of the record in the instant case reveals that this is not true, and that the grant of a new trial was not an abuse of discretion. It follows, the judgment of the court below must be

*Affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 10, 1956—DECIDED DECEMBER 5, 1956.

*Dickey & Futrell*, for plaintiff in error.
*Hartridge & Hartridge*, contra.