21190.   NELSON, formerly ROBERTS v. ROBERTS.

CANDLER, Justice.   This litigation was instituted by the plaintiff against her divorced husband, to revise a judgment fixing permanent alimony or support for their two minor children. So far as need be stated, her petition alleges: She sued the defendant in Muscogee County for divorce and alimony, including support for their two minor children and, while such suit was pending, they entered into a written agreement by the terms of which she was to have and retain custody of their children; that he would pay her $15 per week for their support and maintenance until they reached the age of 18 years, married, or became self-supporting, whichever event occurred first; and that such agreement would be made a part of the final judgment in her pending suit against him for divorce and alimony.   A judgment granting a divorce was signed on February 7, 1955, and their agreement respecting custody and support of the children was by reference thereto made a part of such judgment.   When such judgment was signed, the defendant's income was approximately $5,000 per year, but since then it has materially increased and presently amounts to approximately $10,000 per year, and in the meantime he has acquired and now owns an equitable interest in certain real estate of substantial value.   She prayed that the judgment fixing the amount of support for their minor children be revised so as to require him to pay her a stated and larger amount each month for their support and maintenance.   The court sustained a general demurrer to the petition and dismissed it.   The exception is to that judgment.   *Held:*
1. While the divorce and child-support judgment in this case was signed on February 7, 1955, it did not, under the provisions of an act which the legislature passed in 1946 (Ga. L. 1946, pp. 90, 91; *Code Ann. Supp.* § 30-101), become of "full force and effect" until 30 full days thereafter, or until March 9, 1955, had fully ended; until then it was not a final judgment.   See *Dugas v. Dugas*, 201 Ga. 190, 194 (39

S. E. 2d 658); *Allison v. Allison,* 204 Ga. 202 (48 S. E. 2d 723); *Huguley v. Huguley,* 204 Ga. 692 (51 S. E. 2d 445); *Neal v. Neal,* 209 Ga. 199 (71 S. E. 2d 229); and *Bedingfield v. Bedingfield,* 211 Ga. 310 (85 S. E. 2d 756), where this court, on request therefor, refused to review and overrule the *Dugas, Huguley,* and similar cases. Section 1 of an act which the Governor approved on March 9, 1955 (Ga. L. 1955, p. 630; *Code Ann. Supp.* § 30-220), provides in part: "The judgment of a court providing permanent alimony for the support of a wife or child or children, or both, shall be subject to revision upon petition filed by either the husband or the wife showing a change in the income and financial status of the husband." And since such alimony-revising act became effective on the day of its approval by the Governor (*Floyd County v. Salmon,* 151 Ga. 313, 315, 106 S. E. 280), there is clearly no merit in the contention here made that an application of it to the judgment involved in this case, which became of full force and effect at the close of the same day on which such act was approved, would amount to giving retroactive effect to its provisions in violation of article 2, section 3, paragraph 2 (*Code Ann.* § 2-302) of the Constitution of 1945. Compare *Anthony v. Penn,* 212 Ga. 292 (92 S. E. 2d 14), involving a judgment for permanent alimony, which was rendered in 1942 and where it was held that it could not be modified under the alimony-revising act of 1955.

2. The act of 1955, which conferred jurisdiction and power on the courts of this State to revise judgments fixing permanent alimony or support for minor children, does not, as here contended, offend those constitutional provisions of this State and of the United States which provide that no law impairing the obligation of contracts shall be enacted (*Code Ann.* §§ 2-302, 1-134); and this is true even though the amount of alimony or support so awarded by the judgment, as well as the time during which it was to be paid, was agreed to in writing by the parties. Respecting alimony or support for the minors involved in this case, the agreement of the parties, which became effective as to such children on its approval by the trial judge, eliminated that question from further controversy between the parties and rendered it unnecessary for the court or the jury on the trial of the case to make a finding from evidence concerning that particular issue; and a

judgment based thereon would thereafter as a final judgment have the same legal status as one based on a jury's verdict or the court's finding from evidence insofar as revision of it under the act of 1955 is concerned. In this connection, see *Estes v. Estes,* 192 Ga. 94, 97 (14 S. E. 2d 681), and the cases there cited. Also *Amos v. Amos,* 212 Ga. 670 (2), 671 (95 S. E. 2d 5).

3. The petition stated a cause of action for the relief sought, and the court therefore erred in dismissing it on demurrer.

*Judgment reversed. All the Justices concur.*

ARGUED MARCH 13, 1961—DECIDED APRIL 6, 1961.

*Lanier Randall,* for plaintiff in error.

*J. Willard Register,* contra.