## 33721. FLOYD v. THURMAN et al.

JORDAN, Justice.

Ivey Floyd appeals from the verdict and judgment in favor of Betty and Norman Thurman, and Boyce Thurman, as vouchee, in Floyd's action for injunction and damages based on alleged continuing trespass on land.

1. The real issue between the parties was the location of the boundary line between their properties. The evidence was sufficient to support the verdict in favor of the appellees.

2. The jury's verdict was as follows: "We the jury find in favor of the defendants." The judgment described the boundary line between the properties according to an attached plat, and incorporated the plat in the judgment by reference.

The appellant contends that the verdict was too vague and uncertain on which to grant a judgment; that the judge erred in failing to instruct the jury that a verdict should be found describing the boundary line; that the verdict and judgment are void because the jury failed to make a factual finding as to where the disputed boundary line was located; and that the judgment is void because it set out a description of the boundary line and thus did not follow the verdict of the jury.

The form of the verdict to be submitted to the jury was agreed on by the parties in a pre-trial order, and the appellant cannot object to the form of the verdict, the failure of the jury to describe the boundary line, or the failure of the judge to instruct them to find the boundary

line. Furthermore, in view of the pleadings and the issues made by the evidence, this verdict was not uncertain. *Taylor v. Brown,* 165 Ga. 698 (141 SE 898) (1927); *Carithers v. Carithers,* 202 Ga 596 (2) (43 SE2d 503) (1947).

The survey used by the judge in describing the boundary line in the judgment was that relied on by the appellees on the trial, and the finding by the jury in their favor was a finding that this was the correct line. The judge was authorized in the judgment to delineate the boundary line between the parties according to that plat. *Gray v. Junction City Mfg. Co.,* 195 Ga. 33 (3) (22 SE2d 847) (1942); *Carter v. Parson,* 230 Ga. 177 (4) (196 SE2d 19) (1973).

3. The appellant contends that the court erred in failing to instruct the jury on the law of trespass. The judge charged that if they found in the appellant's favor, they should determine whether he was entitled to recover damages for any trespass. The appellant made no exception to the judge's charge. He cannot complain of the failure to give further instructions on trespass, as such failure was not harmful as a matter of law to the appellant. Code Ann. § 70-207 (Ga. L. 1968, pp. 1072, 1078).

*Judgment affirmed. All the Justices concur.*

Argued September 20, 1978 — Decided October 25, 1978.

*Kunes & Kunes, G. Gerald Kunes,* for appellant.
*Sumner & Mitchell, Robert Sumner, Douglas W. Mitchell, III,* for appellees.