## A10A2357. JONES v. THE STATE.
(709 SE2d 593)

DOYLE, Judge.

Following a jury trial, William S. Jones, pro se, appeals from his conviction of reckless conduct,[1] reckless driving,[2] and speeding.[3] Jones contends that the trial court erred by concluding that it lacked jurisdiction to address the timely motion for new trial Jones filed after filing his notice of appeal. For the reasons that follow, we agree and remand.

On May 18, 2009, a jury returned a guilty verdict against Jones on a three-count accusation alleging that Jones drove more than 100 miles per hour on Interstate 285 with his 14-year-old child in the car. Before a judgment of conviction and sentence was entered, Jones, through counsel, filed extraordinary motions for new trial on May 29 and June 4, 2009, which were denied. On August 24, 2009, the trial court entered a judgment of conviction and sentence, and on the same day, Jones filed a pro se notice of appeal from that order. On September 23, 2009, Jones then filed a timely pro se motion for new trial. Finally, in an October 5, 2009 order, the trial court denied the motion for new trial, concluding that it had no jurisdiction to consider the motion.

1. Jones contends that the trial court erred by concluding that it lacked jurisdiction to address his motion for new trial, which was timely filed after Jones had already filed a notice of appeal. Jones correctly relies on *Housing Authority of the City of Atlanta v. Geter*,[4] which stated as follows:

> Even though a notice of appeal may divest the trial court of jurisdiction, we conclude that such divestiture does not become effective during the period in which a motion for new trial may be filed. In the event a motion for new trial is timely filed as provided in OCGA § 5-5-40, the effectiveness of the divestiture of jurisdiction is then delayed until the motion for new trial is ruled upon and a notice of appeal to the ruling has been filed or the period for appealing the ruling has expired.[5]

We conclude that this rule controls the instant case, in which the notice of appeal was prematurely filed on the day of the conviction,

---

[1] OCGA § 16-5-60 (b).

[2] OCGA § 40-6-390 (a).

[3] OCGA § 40-6-181 (b) (5).

[4] 252 Ga. 196 (312 SE2d 309) (1984).

[5] (Citation and punctuation omitted.) Id. at 197.

and the motion for new trial was timely filed thereafter. Because the notice of appeal had not yet ripened when Jones filed his motion for new trial, the trial court's jurisdiction to hear the motion was preserved, and we therefore remand the case for the trial court to consider Jones's motion.[6]

2. Jones's remaining enumeration, that the trial court erroneously denied him appointed counsel to represent him on appeal, is moot.

*Case remanded. Ellington, C. J., and Andrews, J., concur.*

DECIDED APRIL 6, 2011.

William S. Jones, *pro se.*

*Barry E. Morgan, Solicitor-General, Jaret L. Teague, Assistant Solicitor-General*, for appellee.

---

[6] See *Hood v. State*, 282 Ga. 462, 465 (651 SE2d 88) (2007) (notice of appeal filed on the same day as a timely motion for new trial did not divest the trial court of jurisdiction to address the motion for new trial). See also *Hall v. State*, 282 Ga. 294, 295 (1) (647 SE2d 585) (2007) (premature notice of appeal was treated as effectively filed upon entry of order denying timely motion for new trial). Compare *Atkinson v. State*, 170 Ga. App. 260, 262 (1) (316 SE2d 592) (1984) (remand to address motion for new trial was not required because appellant did not seek a stay of the appeal and did not diligently pursue motion for new trial in the trial court). We do not extend the *Atkinson* approach to the facts presented here, because the trial court affirmatively declined to address Jones's motion for new trial, and Jones would otherwise be denied the opportunity to pursue the merits of issues he timely raised in a motion for new trial.