**FOURTH DIVISION**
**DILLARD, C. J.,**
**RAY, P. J., and SELF, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**August 8, 2017**

# In the Court of Appeals of Georgia

A17A1338. WOOTEN, et al. v. WILLIAMS, et al.

A17A1339. WILLIAMS, et al. v. WOOTEN, et al.

A17A1340. WILLIAMS, et al. v. WOOTEN, et al.

RAY, Presiding Judge.

Olin Wooten, Guy P. Brown, and Perry Brown[1] (collectively "Wooten") filed an action seeking to establish a private way over and across the property of Darrell and Bonnie Williams (collectively "the Williamses"). Wooten also sought the removal of any obstructions that had been placed on the alleged private way. The Williamses filed a response and counterclaim, alleging that certain actions by Wooten had deprived them of the use and enjoyment of their property. After a trial, a jury returned a verdict finding that Wooten had established a prescriptive easement across

---

[1] G. P. Brown, LLC was later substituted as a party plaintiff in place of Guy P. Brown.

the Williamses' property, but the jury also awarded $5,000 in damages against Olin Wooten and in favor of the Williamses on their counterclaim. The trial court subsequently entered a judgment based on the verdict. Neither the verdict nor the judgment specified the location of the prescriptive easement or directed the removal of obstructions from the right of way. These cross-appeals ensued. In Case No. A17A1338, Wooten contends that the Williamses were not entitled to recover damages for any interference with the use and enjoyment of their property resulting from the prescriptive easement, and that the trial court erred: (i) in failing to conform its judgment to the verdict and evidence; (ii) in failing to direct the Williamses to remove the obstructions from the right of way; and (iii) in refusing to allow a rebuttal witness to testify at trial. In Case Nos. A17A1339 and A17A1340, the Williamses bring two identical appeals from the trial court's denial of their motions for directed verdict and for judgment notwithstanding the verdict, arguing that Wooten failed to prove the location and width of the right of way and was therefore not entitled to a prescriptive easement. We consolidate the appeals for the purposes of review. For the reasons that follow, we affirm in part, reverse in part, vacate in part, and remand with direction in Case No. A17A1338, and we affirm in Case No. A17A1340. We dismiss the identical appeal in Case No. A17A1339 as redundant.

2

1. As a preliminary matter, we take up the Williamses' motion to dismiss Wooten's appeal in Case No. A17A1338, which argues that we lack jurisdiction because Wooten filed the notice of appeal on the same day that the Williamses filed a motion for judgment notwithstanding the verdict. We see no basis for dismissal.

Upon examination of the record, we note that Wooten's notice of appeal was filed at 1:15 p.m. on September 26, 2016, and that the Williamses' motion for judgment notwithstanding the verdict was filed 19 minutes later, at 1:34 p.m. In dealing with the co-existence of a timely notice of appeal and a subsequent timely motion for post-judgment relief, our Supreme Court has held that:

> [e]ven though a notice of appeal may divest the trial court of jurisdiction, we conclude that such divestiture does not become effective during the period in which a motion for [judgment notwithstanding the verdict] may be filed. In the event a motion for [judgment notwithstanding the verdict] is timely filed . . . , the effectiveness of the divestiture of jurisdiction is then *delayed* until the motion for [judgment notwithstanding the verdict] is ruled upon and a notice of appeal to the ruling has been filed or the period for appealing the ruling has expired.

(Citations omitted; emphasis supplied.) *Housing Authority of City of Atlanta v. Geeter*, 252 Ga. 196, 197 (312 SE2d 309) (1984). Accord *Jones v. State*, 309 Ga.

App. 149, 149-150 (1) (709 SE2d 593) (2011) (where notice of appeal had not yet ripened when subsequent motion for new trial was timely filed, the trial court's jurisdiction to hear the motion for new trial was preserved).

As both parties are seeking post-judgment relief, we conclude that this rule controls the instant case. Here, the timely notice of appeal was filed on the same day and just minutes before the timely motion for judgment notwithstanding the verdict. Furthermore, we note that the trial court has since ruled on the Williamses' motion for judgment notwithstanding the verdict, denying the motion in its entirety, and the Williamses have now appealed from the trial court's ruling. Therefore, the Williamses' motion to dismiss is denied. Wooten's request for attorney fees regarding the motion to dismiss is also denied.

2. At trial, Wooten objected to the trial court's decision to allow the Williamses' claim for damages for deprivation of the use and enjoyment of their property to remain for the jury's consideration in the event the jury found that Wooten had established a prescriptive easement. On appeal, Wooten contends that the jury's finding that Wooten had established a prescriptive easement precludes the Williamses from recovering damages for their claim. This argument fails.

4

Here, the record shows that the Williamses' claim for damages arises out of Olin Wooten's intimidation, threats of physical harm, and acts which interfered with the Williamses' use and enjoyment of their property, not Wooten's use of the disputed private way. Specifically, the evidence shows that, on one occasion, Olin Wooten went upon the Williamses' property and informed Mr. Williams that he had a gun, and he asked Mr. Williams to get a gun so that the two could resolve their differences right then and there. On several other occasions, Olin Wooten would pull his vehicle onto the Williamses' property and just sit there.

It is well-settled that

[w]hen a deprivation of use and enjoyment [of property] has occurred, a plaintiff may recover both nominal damages and whatever the jury determines the defendant ought to pay, in view of the discomfort and annoyance to which the plaintiff and his family have been subjected by the [defendant's actions].

(Citations and punctuation omitted.) *Davis v. Overall*, 301 Ga. App. 4, 6 (1) (686 SE2d 839) (2009).

Based on the pleadings and the foregoing evidence, the jury was authorized to find that Olin Wooten's harassment deprived the Williamses of the peaceful use and

5

enjoyment of their property, separate and apart from Wooten's claim for a prescriptive easement. Accordingly, we find no error.

3. Wooten next contends that the trial court erred in denying the motion to amend the judgment to conform the pleadings, verdict, and evidence. Specifically, Wooten argues that the judgment should be conformed: (i) to include a particular plat tendered into evidence to designate the location and size of the access road upon which the jury awarded Wooten a prescriptive easement; and (ii) to order the Williamses to remove the obstructions that they placed across the access road, as pled in the complaint. We shall address each issue in turn.

(a) Wooten first argues that the judgment should be amended to incorporate a certain plat that was tendered into evidence to establish the location of the prescriptive easement. We agree.

We note that Wooten's attorney prepared the initial jury verdict form and did not object to the final version that was submitted to the jury, and the verdict form did not ask the jury to determine the location and size of the prescriptive easement. Ordinarily, the failure to object to the verdict form waives any error relating to the manner in which questions on a verdict form are submitted to the jury. See *Auto-Owners Ins. Co. v. Dolan*, ___ Ga. App. ___ , *3 (2) (Case No. A17A0408, decided

6

June 28, 2017). However, we also acknowledge that "[a] judgment must conform to the verdict, [OCGA § 9-12-9]; and likewise it must follow the true meaning and intent of the finding of the jury. . . . In determining whether a judgment conforms to the verdict, the judgment must be construed with reference to the pleadings and the evidence." (Citations omitted.) *Taylor v. Taylor*, 212 Ga. 637, 638 (1) (94 SE2d 744) (1956).

Here the evidence shows that the property of both parties lies adjacent to the Little Ocmulgee River in Wheeler County. The Williamses' property at issue in this case consists of two parcels, Parcel 2 and Parcel 5, which are the last lots before one reaches Wooten's property. A public road leads to the Williamses' property, but terminates approximately 240 feet shy of Wooten's property line.

At trial, several plats of survey of the property at issue were tendered into evidence and submitted to the jury. The most recent plat was prepared in 2006 and recorded in Plat Book 7, Page 362 of the Wheeler County Records (hereinafter referred to as "the Perry Brown plat"). The Perry Brown plat indicates that an access road 20 feet in width runs through the Williamses' property into Wooten's property. The Perry Brown plat also provides the precise directional bearings and the length of the specific portions of the access road, designated as L18 and L19, that runs through

7

the Williamses' property. Furthermore, we note that the evidence is undisputed that there is a metal gate across the access road where it enters into Wooten's property. Based on the placement of the gate and the directional bearings, length, and width of the portions of the access road designated as L18 and L19, we conclude that the location and size of access road has been sufficiently established by the Perry Brown plat. However, our analysis does not end here.

We note that there were other plats of survey that were tendered into evidence which appear to contradict the location and size of the access road that was indicated in the Perry Brown plat. However, those plats were prepared years before the Perry Brown plat. Furthermore, both Olin Wooten and Guy Brown testified that the location and size of the access road that they used for decades was that which is shown in the Perry Brown plat. Brown further testified that he observed Wheeler County road crews grading and maintaining the portions of the road bed designated as L18 and L19 as reflected in the surveyor's note on the Perry Brown plat.

Notably, there is no evidence to indicate that the course or size of the access road that Wooten had used for decades had changed. Although Olin Wooten testified that they kept the access road maintained to a width of 50 to 60 feet, he explained that they only used the existing dirt road and that they maintained both sides of the road

8

to shore up and support the existing road bed. Similarly, Thomas Wooten testified that they maintained approximately 30 feet in order to keep supporting dirt on both sides of the existing road.[2]

Lastly, in its charge to the jury, the trial court stated, in pertinent part, that in order "[t]o establish a private way over another's land, the party claiming the right must demonstrate . . . that the private way was *not more than 20 feet*." (Emphasis supplied.)

Although the underlying facts in *Floyd v. Thurman*, 242 Ga. 428 (249 SE2d 230) (1978), are not identical to those presented in this case, we find that the holding in *Floyd* is instructive. In *Floyd*, the central issue in the dispute between the parties was the location of the boundary line between their properties. Id. at 428 (1). After trial, the jury returned a verdict that simply stated that "[w]e the jury find in favor of the defendants." Id. at 428 (2). The form of the verdict was previously agreed on by the parties. Id. On appeal, the plaintiff contended that the verdict and the resulting judgment were void because the jury failed to make a factual finding as to where the disputed boundary line was actually located, and that the judgment was void because

---

[2] Another witness, Keith Rentz, testified that the access road was "probably 12 [to] . . . 15 [feet]" wide, but he acknowledged that he did not measure it and that it was "[p]robably somewhere in that neighborhood."

9

it described that boundary line in its judgment based on information gleaned from a plat that had been tendered into evidence. Id. Our Supreme Court held that:

> [I]n view of the pleadings and the issues made by the evidence, this verdict was not uncertain. The survey used by the judge in describing the boundary line in the judgment was that [which was] relied upon by the appellees [during] the trial, and the finding by the jury in their favor was a finding that this was the correct line.

(Citations omitted.) Id.

In light of the trial court's instruction to the jury in this case that a prescriptive easement cannot exceed 20 feet, as well as the uncontradicted testimony of Olin Wooten and Guy Brown confirming that the access road that they had used for decades was accurately depicted in the Perry Brown plat, the jury's finding that a prescriptive easement had been established over roadway located on the lands[3] of the Williamses is consistent only with the access road depicted in the Perry Brown plat. Accordingly, we conclude that the judgment should be amended to conform with the evidence and to "follow the true meaning and intent of the finding of the jury." *Taylor*, supra at 638 (1) (citation omitted). Therefore, the trial court's denial of

---

[3] The verdict form used the plural term "lands." The only plat in evidence in which the access road appears to run across two of the Williamses' properties (Parcel 2 and Parcel 5) is the Perry Brown plat.

10

Wooten's motion to amend the judgment is reversed, the portion of the judgment regarding the establishment of the prescriptive easement is vacated, and the case is remanded to the trial court with direction that it enter an amended judgment which incorporates the Perry Brown plat, as recorded in Plat Book 7, Page 362 of the Wheeler County Records, to establish the location and size of the prescriptive easement.

(b) Wooten also contends that the judgment should be amended to require that the Williamses remove all of the obstructions from the prescriptive easement, as pled in the complaint. We disagree.

Here, the jury was presented with two issues to resolve in the jury verdict form: (i) whether Wooten had established a prescriptive easement over the roadway located on the lands of the Williamses; and (ii) whether Wooten had interfered with the Williamses' peace, happiness, or feelings. The jury was not asked to find what obstructions blocked the prescriptive easement or to require the removal of any such obstructions. "A verdict may be amended in mere matter of form after the jury has dispersed. However, after a verdict has been received and recorded and the jury has dispersed, it may not be amended in matter of substance[.]" OCGA § 9-12-7. Here, an amendment of the judgment and verdict to make findings as to what obstructions

11

had been placed on the right of way and to direct the removal of those obstructions would constitute a substantive change in the jury's findings.

Moreover, we find no error in the trial court's conclusion that Wooten has the viable alternative of petitioning the probate court to remove any obstructions that the Williamses placed on the prescriptive easement which render the access road unfit for use. See OCGA § 44-9-59 (a) ("In the event the owner . . . of land over which a private way may pass . . . obstructs, closes up, or otherwise renders the private way unfit for use, the party . . . injured by the obstructions . . . may petition the judge of the probate court in the county where the private way has been in use to remove the obstructions").

For the above reasons, the trial court did not err in failing to amend the judgment with regard to this issue.

4. In light of our holding in Division 3 (a) above, we need not address Wooten's remaining enumeration of error.

*Case No. A17A1340*

5. In two related enumerations of error, the Williamses argue that the trial court erred in denying their motions for directed verdict and for judgment notwithstanding

12

the verdict, arguing that Wooten failed to prove the location and width of the right of way and was therefore not entitled to a prescriptive easement. We disagree.

> On appeal from the denial of a motion for a directed verdict or for j.n.o.v., we construe the evidence in the light most favorable to the party opposing the motion, and the standard of review is whether there is any evidence to support the jury's verdict.

(Citation and punctuation omitted.) *Park v. Nichols*, 307 Ga. App. 841, 845 (2) (706 SE2d 698) (2011).

Based on our holding and the evidence set forth in Division 3 (a), the trial court did not err.

*Case No. A17A1339*

6. In Case No. A17A1339, the Williamses' brief simply adopts the brief that they filed in Case No. A17A1340. As they are asserting the same errors as those asserted in Case No. A17A1340, we therefore dismiss Case No. A17A1339 as redundant. See *First Southern Bank v. C & F Svcs., Inc.*, 290 Ga. App. 305, 309 (5) (659 SE2d 707) (2008).

*Judgment affirmed in Case No. A17A1340; judgment affirmed in part, reversed in part, vacated in part, and remanded with direction in Case No. A17A1338; and appeal dismissed in Case No. A17A1339. Dillard, C. J., and Self, J., concur.*

13