# Court of Appeals
# of the State of Georgia

ATLANTA,  June 22, 2021

*The Court of Appeals hereby passes the following order:*

**A21A1572. DANTE HAYWARD v. THE STATE.**

On August 6, 2019, following a bench trial, the trial court found Dante Hayward guilty of multiple offenses. Two days later, the court entered an order denying Hayward's motion to suppress. Hayward's attorney filed a timely motion for new trial. In September 2020, Hayward filed a pro se notice of appeal from the denial of his motion to suppress. In March 2021, Hayward filed a second pro se notice of appeal, and the trial court clerk transmitted the record to us. We lack jurisdiction.

Where a motion for new trial is timely filed, jurisdiction remains with the trial court. See *Jones v. State*, 309 Ga. App. 149, 149 (1) (709 SE2d 593) (2011). Accordingly, any notice of appeal filed while a motion for new trial remains pending confers no jurisdiction on this Court. See id.; *Drake v. Clutter*, 194 Ga. App. 644, 644 (391 SE2d 473) (1990).

Under these circumstances, we lack jurisdiction to consider this appeal, which is hereby DISMISSED.[1]



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*  06/22/2021

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen*    , *Clerk.*

---

[1] As noted, the motion for new trial was filed by trial counsel. In *White v. State*, the Supreme Court made clear that, unless the trial court permits an attorney to withdraw, that attorney's duty to his client extends at least through the end of the term in which sentence was entered, "during which time the court retains authority to change its prior orders and judgments on motion or sua sponte for the purpose of promoting justice." *White v. State*, 302 Ga. 315, 319 (2) (806 SE2d 489) (2017). Nothing in the record indicates that counsel has been relieved of representation. Thus, it is unclear whether Hayward's trial counsel is under a continuing duty to represent him. If the attorney was under such duty, Hayward was unable to file a pro se notice of appeal. See id.; see also *Tolbert v. Toole*, 296 Ga. 357, 363 (3) (767 SE2d 24) (2014) (holding that a criminal defendant may not represent himself while represented by counsel). We note that, in May 2020, Hayward filed a motion for the appointment of new counsel, but the trial court has not ruled on this motion.